IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOLLINGER, RUBERRY & GARVEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 1:08-CV-3698 |
| | ) | |
| DAN FORMELLER and JAMES BORCIA, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

## AMENDED COMPLAINT

NOW COMES Bollinger, Ruberry & Garvey ("BRG"), by and through its attorneys, and for its Amended Complaint, states as follows:

### I.    PARTIES AND JURISDICTION

1.    BRG is an Illinois partnership with its principal place of business in Chicago, Illinois.

2.    Dan Formeller is a citizen of Illinois practicing law in Illinois.

3.    James Borcia is a citizen of Illinois practicing law in Illinois.

4.    This Court has jurisdiction in this litigation pursuant to the Federal Arbitration Act, 9 U.S.C. § 7, which grants federal courts the authority to enforce subpoenas in connection with arbitration proceedings in the American Arbitration Association.

### II.    BACKGROUND

6.    BRG is presently involved in an arbitration proceeding with Federal Insurance Company ("Federal"), EPS Solutions Corp. and Enterprise Profit Solutions Corp. (collectively, "EPS") pending in the American Arbitration Association (the "Arbitration") in which Federal seeks a declaration regarding its rights and obligations under the policy of insurance that it issued to EPS.

1

7.    A substantial portion of the arbitration involves the issue of whether Federal has a duty to pay BRG for fees and expenses incurred in the course of BRG's representation of EPS in various underlying actions.

8.    In the course of the arbitration, Federal has advised that it plans to call both Dan Formeller and James Borcia of Tressler Soderstrom Maloney & Priess to testify at the arbitration.

9.    In its disclosure, Federal stated that Borcia and Formeller will testify on a number of subjects, including "the defense of Chris Massey and Eric Watts in the Underlying Matters, discovery conducted in the Affirmative Case and Underlying Matters…and his observations regarding EPS' prosecution of the Affirmative Case and Underlying Matters."

10.    After receiving these disclosures, EPS in a timely manner, forwarded to the Panel subpoenas to both Formeller and Borcia to testify on June 26, 2008 and to produce certain documents.  Copies of said subpoenas are attached hereto as Exhibit "A."

11.    Since that date, Formeller and Borcia have refused to comply with the subpoenas, yet have not entered any formal objection to the panel in the Arbitration or to any court.

12.    BRG timely filed a Motion to Compel in the Arbitration.  Formeller and Borcia did not submit any briefs or objections in response.

13.    Federal filed a Response, stating:

> With respect to BRG's primary request that the Panel compel Formeller and Borcia to appear for depositions and to produce documents, Federal takes no position.

A copy of Federal's Response is attached hereto as Exhibit "B."

14.    The panel in the Arbitration ruled via e-mail on June 26, 2008 as follows:

> On behalf of the arbitrators and in order to have the parties be able to *proceed quickly* in light of our decision, our decision on the Motion to Compel the Depositions…is as follows:

> With regard to the Motion to Compel the Depositions, Respondent
> [BRG] should petition the Court to enforce the subpoenas. If the Court
> determines that the Arbitration Panel should decide this issue, then the
> Arbitration Panel advises the parties that we would require the deposition
> or depositions (from our last prehearing conference Claimant advised
> that one but not both of the witnesses from the law firm at issue would be
> named as a possible witness) and the production of documents.
> [Emphasis added].

A copy of the ruling is attached hereto as Exhibit "C."

15.    BRG brings this matter on an emergency basis because discovery ends June 30,

2008, and trial is set for July 28, 2008. In light of the imminent trial, these depositions must

proceed as soon as possible.

### III.    PRIOR RULING BY JUDGE HART

16.    In connection with the Arbitration, Federal previously filed in the United States

District Court for the Northern Illinois a Motion for Expedited Production and Enforcement of an

Arbitration Subpoena in an action entitled, *Federal Insurance Company v. Edward T. Joyce*

*Firm, P.C.*, Case No. 1:08-cv-00431 ("Joyce Action"). The Joyce Action grew out of the same

Arbitration at issue in this Emergency Petition.

17.    Judge Hart issued and Opinion and Order in the Joyce Action finding that this

Court had subject matter jurisdiction and that the arbitration subpoena issued to a non-party was

enforceable by this Court. Judge Hart specifically found: "Since no objections to the subpoena

have been raised with the arbitration panel, enforcement of the subpoena will be granted." A

copy of Judge Hart's Opinion and Order is attached hereto as Exhibit "D."

### IV.    THE SUBPOENAS SHOULD BE ENFORCED

18.    Formeller and Borcia have not raised any objections to the subpoenas with the

arbitration panel. Based on Judge Hart's prior ruling in the Joyce Action, this absence of any

objections by Respondents should result in enforcement of the subpoena.

19.    In the case of *Amgen, Inc. v. Kidney Center of Delware County*, 879 F.Supp. 878 (N.D.Ill. 1993), *dismissed on other grounds*, 1996 U.S. App. LEXIS 28250 (7th Cir. Oct. 28, 1996)[1], Judge Gettleman found that "implicit in the power to compel testimony and documents for the purpose of a hearing [in an arbitration] is the lesser power to compel such testimony and documents for purposes prior to hearing."   *Amgen*, 879 F.Supp. at 880, *citing Meadows Indemnity Co., Ltd. v. Nutmeg Ins. Co.*, 157 F.R.D. 42 (M.D.Tenn. 1994).

20.    Based on the foregoing, this Court should enforce the subpoenas and compel the production of documents by, and depositions of, Formeller and Borcia.

21.    In the alternative, this Court should direct the panel in the Arbitration to enforce the subpoenas and compel the production of documents by, and depositions of, Formeller and Borcia.

WHEREFORE, BRG asks this Honorable Court to issue an Order either:

A.    Compelling Formeller and Borcia to appear for their depositions and to produce the subpoenaed documents; or, in the alternative;

B.    Direct the panel in the Arbitration to enforce the subpoenas and compel Formeller and Borcia to appear for their depositions and to produce the subpoenaed documents.

Respectfully submitted,

**BOLLINGER, RUBERRY & GARVEY**

_____/s/ Perry M. Shorris_____

---

[1] The Seventh Circuit remanded the matter to the district court for the purpose of determining whether subject matter jurisdiction existed, but did not address the substantive merits or overturn the substantive ruling of the district court in *Amgen*.  The district court later determined that subject matter jurisdiction was lacking, but the Seventh Circuit never repudiated Judge Gettleman's substantive finding.  *See Amgen, Inc. v. Kidney Center of Delware County*, 1996 U.S. App. LEXIS 28250 (7th Cir. Oct. 28,,1996).

One of its attorneys

Edward F. Ruberry
Perry M. Shorris
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street
Suite 2300
Chicago, Illinois 60661
(312) 466-8000 (telephone)
(312) 466-8001 (fax)

Anthony G. Barone
Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrace, Illinois  60181
(630) 472-0037 (telephone)

BEFORE THE
AMERICAN ARBITRATION ASSOCIATION

FEDERAL INSURANCE COMPANY,        )
                                  )
        Plaintiff,                )
                                  )
        v.                        )    AAA Number: 51-195-01043-04
                                  )
EPS SOLUTIONS CORPORATION         )
and ENTERPRISE PROFIT             )
SOLUTIONS CORPORATION,            )
                                  )
        Defendants.               )

## SUBPOENA

To:     Daniel R. Formeller
        Tressler, Soderstrom, Maloney & Priess, LLP
        Sears Tower
        233 South Wacker Drive, 22nd Floor
        Chicago, Illinois 60606

        WE COMMAND YOU that, all business and excuses being laid aside, you and each of you appear and attend before Alexander Domanskis, Richard Rhodes and J. Timothy Eaton, arbitrator(s), acting under the arbitration law of this state, at Barone & Jenkins, P.C., 635 Butterfield Rd., Suite 145, Oakbrook Terrace, IL 60181, on the 26th day of June at 10:00 a.m. to testify and give evidence in a certain arbitration, then and then to be held between the above entitled parties.

Signed: _____
                Arbitrator

Requested by:

Anthony G. Barone
David M. Jenkins
Barone & Jenkins, P.C.
635 Butterfield Rd., Ste. 145
Oakbrook Terrace, IL 60181
(630) 472-0037
Atty. No. 06196315
Dated: May 8, 2008



EXHIBIT
A

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, certifies that I caused a copy of Bollinger, Ruberry & Garvey's *Subpoena to Daniel Formeller* to be served on the following via Certified Mail/Return Receipt Requested:

To:    Daniel R. Formeller
       Tressler, Soderstrom, Maloney & Priess, LLP
       Sears Tower
       233 South Wacker Drive, 22nd Floor
       Chicago, Illinois 60606

this 9th day of June, 2008.

*Elizabeth A. Person*

BEFORE THE
AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) AAA Number: 51-195-01043-04 |
| | ) |
| EPS SOLUTIONS CORPORATION | ) |
| and ENTERPRISE PROFIT | ) |
| SOLUTIONS CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## SUBPOENA

To:   James Borcia
      Tressler, Soderstrom, Maloney & Priess, LLP
      Sears Tower
      233 South Wacker Drive, 22nd Floor
      Chicago, Illinois 60606

WE COMMAND YOU that, all business and excuses being laid aside, you and each of you appear and attend before Alexander Domanskis, Richard Rhodes and J. Timothy Eaton, arbitrator(s), acting under the arbitration law of this state, at Barone & Jenkins, P.C., 635 Butterfield Rd., Suite 145, Oakbrook Terrace, IL 60181, on the 26th day of June at 2:00 p.m. to testify and give evidence in a certain arbitration, then and then to be held between the above entitled parties. We also command you to produce at that time the documents on the attached rider.

Signed: _____
                          Arbitrator

Requested by:

Anthony G. Barone
David M. Jenkins
Barone & Jenkins, P.C.
635 Butterfield Rd., Ste. 145
Oakbrook Terrace, IL  60181
(630) 472-0037
Atty. No. 06196315
Dated:  June 6, 2008

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, certifies that I caused a copy of Bollinger, Ruberry & Garvey's *Subpoena to James Borcia* to be served on the following via Certified Mail/Return Receipt Requested:

To:    James Borcia
        Tressler, Soderstrom, Maloney & Priess, LLP
        Sears Tower
        233 South Wacker Drive, 22nd Floor
        Chicago, Illinois 60606

this 9th day of June, 2008.

*Elizabeth A. Person*

2

BEFORE THE
AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AAA Number: 51-195-01043-04 |
| | ) | |
| EPS SOLUTIONS CORPORATION | ) | |
| and ENTERPRISE PROFIT | ) | |
| SOLUTIONS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## SUBPOENA *DUCES TECUM*

To:    Daniel R. Formeller
       Tressler, Soderstrom, Maloney & Priess, LLP
       Sears Tower
       233 South Wacker Drive, 22nd Floor
       Chicago, Illinois 60606

WE COMMAND YOU that you produce and permit inspection, copying, testing, or sampling of documents, books, files, records, electronically stored information, or tangible things in your possession, custody or control as detailed and explained in the attached Rider to Subpoena *Duces Tecum*, within 7 business days, at your place of business, at a time to be agreed upon with the attorneys for Bollinger, Ruberry & Garvey.


Signed: _____
                   Arbitrator

Requested by:

Anthony G. Barone
David M. Jenkins
Barone & Jenkins, P.C.
635 Butterfield Rd., Ste. 145
Oakbrook Terrace, IL  60181
(630) 472-0037
Atty. No. 06196315
Dated: _____, 2008

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, certifies that I caused a copy of Bollinger, Ruberry & Garvey's Subpoena *Duces Tecum* to be served on the following via Certified Mail/Return Receipt Requested:

> Daniel R. Formeller
> Tressler, Soderstrom, Maloney & Priess, LLP
> Sears Tower
> 233 South Wacker Drive, 22nd Floor
> Chicago, Illinois 60606

this 30th day of May, 2008.

*Elizabeth A. Pearson*

BEFORE THE
AMERICAN ARBITRATION ASSOCIATION

FEDERAL INSURANCE COMPANY,    )
                                   )
       Plaintiff,               )
                                   )
       v.                    )   AAA Number: 51-195-01043-04
                                   )
EPS SOLUTIONS CORPORATION    )
and ENTERPRISE PROFIT          )
SOLUTIONS CORPORATION,      )
                                   )
       Defendants.          )

## RIDER TO SUBPOENA *DUCES TECUM*

### Definitions

1.    *"Document" or "documents"* means documents as defined in Rule 34 of the Federal Rules of Civil Procedure, including electronically stored information.

2.    *"EPS Litigation"* means any and all litigation arising out of the December 14, 1998 roll-up of Enterprise Profit Solutions Corporation ("EPS") and any subsequent acquisitions of companies by EPS. That litigation including both lawsuits and arbitrations and includes, without limitation, EPS's lawsuit against Deloitte & Touche and Jefferies & Company, the Holden actions, the TTR/Wadley Donovan actions, the Shoecraft action, Horowitz Family Trust action and any and all related litigation.

3.    *"You"* means Daniel R. Formeller.

4.    *"Tressler Soderstrom"* means the law firm Tressler, Soderstrom, Maloney & Priess, LLP.

5.    *"Meckler, Bulger"* means the law firm Meckler, Bulger & Tilson, LLP.

6.    *"Federal"* means Federal Insurance Company and its affiliates and subsidiaries, including Chubb Insurance Company.

7.    *"National Union"* means National Union Fire Insurance Company of Pittsburgh, Pennsylvania and/or its claims handlers, AIG Technical Services or AIG Domestic Claims.

## DOCUMENTS REQUESTED

1.      All documents which refer or relate to communications between you and/or other attorneys at Tressler, Soderstrom and Janet Davis, and/or other attorneys at Meckler, Bulger, which refer or relate to the EPS litigation.

2.      Documents sufficient to show the billing rates for all attorneys at Tressler, Soderstrom with respect to any work performed on behalf of Chris Massey and/or Erik Watts with respect to the EPS litigation.

3.      Documents sufficient to show to what insurance companies or other entities Tressler, Soderstrom submitted any fee statements with respect to work done on behalf of Christopher Massey and/or Erik Watts with respect to the EPS litigation.

4.      Any and all documents sent by you or any other attorneys at Tressler, Soderstrom to any attorneys at Meckler, Bulger or to anyone at Federal, AIG or any excess carriers that refer or relate to the depositions of James Holden or Christine Holden, including the deposition transcripts and/or exhibits.  These documents include but are not limited to documents that show the date upon which information was transmitted and what documents were transmitted.

5.      Any and all documents that refer or relate to advising Janet Davis or any other attorneys at Meckler, Bulger or any personnel at Federal that the Holden materials were subject to a protective order and/or subject to claims of attorney-client privilege.

6.      Any and all documents that refer or relate to any efforts by Tressler, Soderstrom to seek a conflict of interest waiver from EPS in order to perform work for Christopher Massey and/or Erik Watts.

7.    Any and all documents that refer or relate to communications between you or any other attorneys in Tressler, Soderstrom's Chicago office and Roland Day, or any other attorneys in Tressler, Soderstrom's Costa Mesa, California office about whether to seek a conflict of interest waiver with respect to work for EPS, Christopher Massey and/or Erik Watts.

8.    Any and all documents that refer or relate to any communication between attorneys at Tressler, Soderstrom and any attorneys at Meckler, Bulger or any personnel at Federal, AIG or any excess carriers about whether a conflict of interest waiver should be sought from EPS, Erik Watts or Christopher Massey with respect to any aspect of the EPS litigation.

9.    Any and all documents, including but not limited to time sheets, that refer or relate to any discussions between you or any other Tressler, Soderstrom attorneys and Janet Davis or any other Meckler, Bulger attorneys or National Union, Federal or any excess carriers that involve:  *(a)* any criticism of the work performed by Bollinger, Ruberry & Garvey with respect to the EPS litigation or *(b)* any criticism of the bills submitted by Bollinger, Ruberry & Garvey with respect to the EPS litigation.

10.    Any and all documents that refer or relate to work done by Roland Day or any other attorneys in the Tressler, Soderstrom Costa Mesa, California office for EPS before those attorneys joined the Tressler, Soderstrom Costa Mesa, California office. These documents include but are not to be limited to any work involving the December 14, 1998 "roll-up" transaction.

11.    Any and all documents that refer or relate to any efforts by Tressler, Soderstrom to obtain a conflict of interest waiver from Federal or National Union with respect to the EPS litigation.

12.    Any and all documents which refer or relate to efforts to obtain dismissals from the EPS litigation on behalf of Christopher Massey and/or Erik Watts.

13.    Any and all documents, including time sheets, that refer or relate to efforts by you or any other Tressler, Soderstrom attorneys to meet with counsel for Holden in order to discuss a settlement between EPS and the Holden plaintiffs, whether or not Janet Davis, or any other attorneys from Meckler, Bulger, were involved in such meetings and whether or not EPS or its counsel of record were advised of the meetings.

BEFORE THE
AMERICAN ARBITRATION ASSOCIATION

FEDERAL INSURANCE COMPANY,   )
                                          )
        Plaintiff,              )
                                            )
        v.                   )  AAA Number: 51-195-01043-04
                                            )
EPS SOLUTIONS CORPORATION    )
and ENTERPRISE PROFIT          )
SOLUTIONS CORPORATION,      )
                                            )
        Defendants.         )

To:    Daniel R. Formeller
        Tressler, Soderstrom, Maloney & Priess, LLP
        Sears Tower
        233 South Wacker Drive, 22nd Floor
        Chicago, Illinois 60606

## SUPPLEMENT TO SUBPOENA RIDER

    WE COMMAND YOU that you produce and permit inspection, copying, testing, or sampling of documents, books, files, records, electronically stored information, or tangible things in your possession, custody or control as detailed and explained in the attached Rider to Subpoena *Duces Tecum*, within 7 business days, at your place of business, at a time to be agreed upon with the attorneys for Bollinger, Ruberry & Garvey.

                           Signed: _____
                                             Arbitrator

Requested by:

Anthony G. Barone
David M. Jenkins
Barone & Jenkins, P.C.
635 Butterfield Rd., Ste. 145
Oakbrook Terrace, IL  60181
(630) 472-0037
Atty. No. 06196315
Dated: _____, 2008

BEFORE THE
AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) AAA Number: 51-195-01043-04 |
| | ) |
| EPS SOLUTIONS CORPORATION | ) |
| and ENTERPRISE PROFIT | ) |
| SOLUTIONS CORPORATION, | ) |
| | ) |
| Defendants. | ) |

To:    Daniel R. Formeller
       Tressler, Soderstrom, Maloney & Priess, LLP
       Sears Tower
       233 South Wacker Drive, 22nd Floor
       Chicago, Illinois 60606

## DEFINITIONS

1.    *"Document" or "documents"* means documents as defined in Rule 34 of the Federal Rules of Civil Procedure, including electronically stored information.

2.    *"EPS Litigation"* means any and all litigation arising out of the December 14, 1998 roll-up of Enterprise Profit Solutions Corporation ("EPS") and any subsequent acquisitions of companies by EPS.  That litigation including both lawsuits and arbitrations and includes, without limitation, EPS's lawsuit against Deloitte & Touche and Jefferies & Company, the Holden actions, the TTR/Wadley Donovan actions, the Shoecraft action, Horowitz Family Trust action and any and all related litigation.

3.    *"You"* means Daniel R. Formeller.

4.      *"Tressler Soderstrom"* means the law firm Tressler, Soderstrom, Maloney & Priess, LLP.

5.      *"Meckler, Bulger"* means the law firm Meckler, Bulger & Tilson, LLP.

6.      *"Federal"* means Federal Insurance Company and its affiliates and subsidiaries, including Chubb Insurance Company.

7.      *"National Union"* means National Union Fire Insurance Company of Pittsburgh, Pennsylvania and/or its claims handlers, AIG Technical Services or AIG Domestic Claims.

## DOCUMENTS REQUESTED

1.    All documents, including time sheets, that reflect any communications between you or any other attorneys at the Tressler, Soderstrom firm, and any attorneys at either Sidley & Austin or Latham & Watkins, about issuing subpoenas to the Bank of America that could not be issued by either Sidley & Austin or Latham & Watkins.

2.    Any and all documents, including time sheets that reflect any communications with Janet Davis or any other attorneys at the Meckler, Bulger firm about issuing subpoenas to the Bank of America that could not be issued either by Sidley & Austin or Latham & Watkins, including any discussions of whether the subpoenas could be harmful to EPS's interests.

3.    Any and all documents, including time sheets, reflecting communications with Janet Davis or any other attorneys at the Meckler, Bulger firm, or Linton Childs, or anyone else at Sidley & Austin or any employees of AT&T, about the need for Christopher Massey to cooperate with Deloitte & Touche in the EPS litigation in order to maintain his Deloitte & Touche pension.

4.    Any and all documents, including time sheets, reflecting any consideration of whether Christopher Massey's cooperation with Deloitte & Touche could be harmful to EPS's interest.

## THE AMERICAN ARBITRATION ASSOCIATION

FEDERAL INSURANCE COMPANY,  )
                                          )
          Plaintiff,  )
                                            )
v.  )
                                            )  AAA Number: 51-195-01043-04
EPS SOLUTIONS CORP. and  )
ENTERPRISE SOLUTIONS CORP.,  )
                                            )
         Defendants.  )
                                            )

## RESPONSE TO BOLLINGER RUBERRY & GARVEY'S
## MOTION TO COMPEL FORMELLER & BORCIA

Federal Insurance Company ("Federal") responds to Bollinger Ruberry & Garvey's ("BRG") Motion to Compel non-parties Dan Formeller and James Borcia of the law firm Tressler Soderstrom Maloney & Priess to appear for deposition and to produce documents.

With respect to BRG's primary request that the Panel compel Formeller and Borcia to appear for depositions and to produce documents, Federal takes no position. Contrary to BRG's unsupported assertions, Federal does not "control" these witnesses, either "partially" or otherwise, and Federal is not empowered to either produce or refuse to produce them. As the Panel knows, Formeller and Borcia served as counsel for defendants Massey and Watts in the Underlying Matters and Federal merely paid certain defense costs under the Policy in connection with that representation.

Critically, Federal does object to BRG's request that the Panel "bar the witnesses from testifying" if, in BRG's words, they remain "recalcitrant." First, BRG offers absolutely no support for the proposition that a party should be barred from calling non-party witnesses at an arbitration hearing simply because the opposing party has not had an opportunity to



EXHIBIT
B

depose those witnesses.  Second, regarding BRG's statement as to the lack of response from the witnesses, Federal's counsel was copied on an email from Borcia to BRG's counsel today in which Borcia responded to BRG's subpoenas.  (A copy of the June 24, 2008 email from James Borcia to Anthony Barone is attached hereto as Exhibit 1.)  Again, the fact that Formeller and Borcia have refused to appear for deposition or to produce documents absent a court order should in no way affect Federal's ability to request that subpoenas be issued to those witnesses to appear at trial.[1]

## CONCLUSION

As noted above, Federal takes no position with respect to BRG's primary request that the Panel compel Formeller and Borcia to appear for deposition and to produce documents. Federal asks that the Panel reject BRG's unfounded request that Federal should be precluded from calling non-party witness at trial who BRG may be unable to depose and are beyond Federal's control.

Dated: June 24, 2008               By: _____
                                            One of Their Attorneys

Janet R. Davis
James H. Kallianis, Jr.
Anne L. Blume
Meckler Bulger & Tilson LLP
123 North Wacker Drive - Suite 1800
Chicago, IL 60606
(312) 474-7900

_____

[1] With respect to BRG's citation to Judge Gettleman's opinion in Amgen Inc. v. Kidney Center of Delaware County, 879 F. Supp. 878 (N.D. Ill. 1995), Federal notes that case has no precedential value given the decision by the Seventh Circuit to remand the matter to the district court for it to consider whether it had subject matter jurisdiction and the Seventh Circuit's ultimate dismissal of the matter after the district determined that it lacked jurisdiction.  Amgen Inc. v. Kidney Center of Delaware County, 95 F.3d 562 (7th Cir. 1995) (remanding matter); Amgen Inc. v. Kidney Center of Delaware County, 101 F.3d 110 (7th Cir. 1996) (dismissing matter following district court's determination that it lacked jurisdiction).

# EXHIBIT  1

**Kallianis, James H.**

| | |
|---|---|
| **From:** | James K. Borcia [jborcia@tsmp.com] |
| **Sent:** | Tuesday, June 24, 2008 12:27 PM |
| **To:** | agbaronelaw@aol.com |
| **Cc:** | Dan R. Formeller; Beth Person; Kallianis, James H. |
| **Subject:** | RE: Federal v. EPS |

Tony -- This will respond to your inquiries relating to your subpoenas both for documents to my firm and depositions of both myself and Mr. Formeller. For the reasons set forth in the attached article, absent a court order compelling us to do so we will not be producing documents or appearing for deposition.


http://www.jenner.com/files/tbl_s69NewsDocumentOrder/FileUpload500/2270/09_08_2003_Arbitration_Discovery.



-----Original Message-----
**From:** Beth Person [mailto:bperson@baronejenkins.com]
**Sent:** Tuesday, June 24, 2008 9:28 AM
**To:** james.kallianis@mbtlaw.com
**Cc:** Dan R. Formeller; James K. Borcia
**Subject:** Federal v. EPS

Gentlemen:

   Attached please find a Motion to Compel.

Beth Person
for Anthony Barone
Barone & Jenkins, P.C.
635 Butterfield Rd., Ste. 145
Oakbrook Terrace, IL  60181
bperson@baronejenkins.com
(630) 472-0037
(630) 472-0864

JENNER & BLOCK

# "Arbitrary Arbitration Discovery"

By Jerold S. Solovy & Robert Byman                                    September 8, 2003

If we had a nickel for every time we have heard a lawyer in an arbitration talk about the depositions he needs and intends to take – well, gosh, we would have an awful lot of nickels. And we would like to use that money to help pay for continuing legal education for those misguided folks who believe that pretrial depositions are God-given rights. You already know, of course, that different discovery rules apply in arbitration, but look around. Some of your colleagues do not have a clue about just how different arbitration rules can be. And as alternative dispute resolution becomes more common, we are going to have to be well versed in the differences.

Serving as arbitrators recently, we asked Croc O'Shea, a litigator with 30 years of experience and an equal number of associates working the case, "what discovery do you contemplate?" "Well," Croc crooned, "this is a very complicated case and I will need to take at least 12 depositions." Counsel for the respondents, Milt Oast, chimed in "well, I'm not sure we need to take any depositions, but I'm sure we can work out a schedule."

OK, timeout. O'Shea simply announced his plans to take 12 depositions, as though it was his perfect right. Oast did not have the wits to say "depositions? We don't need no stinkin' depositions." Put aside for a moment that those 12 depositions will cost Oast's client about $60,000 in legal fees. What if O'Shea wasn't simply churning his

bill but actually needs those depositions to develop the evidence to prove his claim? What if those depositions made the difference between Oast's client winning or losing? Why did Oast agree to depositions? Probably because he did not know the rules.

## Arbitration: It's a Matter of Contract

Arbitration is a matter of contract, so the arbitrators will generally accept whatever the parties agree upon with respect to discovery. The parties are free to agree to apply the Federal Rules or the Kansas rules or the Koran. So, when O'Shea announced his intention to take 12 depositions – and Oast agreed – the arbitrators restrained their laugh reflex and let Oast hoist himself on O'Shea's petard.

"The popularity of arbitration rests in considerable part on its asserted efficiency and cost-effectiveness — characteristics said to be at odds with full-scale litigation in the courts, and especially at odds with the broad-ranging discovery made possible by the Federal Rules of Civil Procedure." *National Broadcasting Co., Inc. vs. Bear Stearns & Co., Inc.*, 165 F.3d 184 (2d Cir. 1999). We mean no disrespect to the federal rules. They are great rules. But they are rules designed for contests in which the defendants are unwilling participants and where the litigants often have disproportionate resources. By

definition, participants in arbitrations are contracting parties who have agreed in advance to set streamlined rules for their potential disputes.

So most arbitration forums have streamlined rules. The American Arbitration Association Commercial Rules make no provision for interrogatories or depositions except in large, complex matters (claims over $500,000), where the arbitrator may exercise discretion "upon good cause shown consistent with the expedited nature of arbitration." (Rule L-4). Judicial Arbitration and Mediation Services (JAMS) Rules allow each party to take *one* deposition of the opposing party, with additional depositions at the discretion of the arbitrators. The NASD Rules provide that "necessary pre-hearing depositions consistent with the expedited nature of arbitration shall be available." (Rule 10213 (a)). The International Chamber Of Commerce Rules make no provision at all for depositions.

And even when the parties agree or the arbitrator is persuaded to order depositions, don't assume that you can compel non-parties to give discovery. You can take discovery of a non-party under the Federal Rules, because the Rules apply by law to all persons whether or not they are litigants. But non-parties have not agreed to follow arbitration rules.

The Federal Arbitration Act (FAA), 9 U.S.C. § 7, empowers arbitrators to summon "any person to attend before them or any of them

as a witness and in a proper case to bring with him or them any book, record, document or paper which may be deemed material as evidence indicates."

"Any person," not simply parties. But "attend before" the arbitrators, not pre-hearing discovery. Well, no problem; "the power of the panel to compel production of documents from third-parties for the purposes of the hearing implicitly authorizes the lesser power to compel such documents for arbitration purposes prior to hearing." *In the Matter of Arbitration between Security Life Insurance Company of America et all*, 228 F.3d 865, 870 (8th Cir. 2000)("implicit in an arbitration panel's power to subpoena relevant documents for production at a hearing is the power to order the production of relevant documents for review by a party prior to the hearing.").

But there is a difference between depositions and pre-hearing document production. "Documents are produced only once, whether it is at the arbitration or prior to it. Common sense encourages the production of documents prior to the hearing so that the parties can familiarize themselves with the content of the documents. Depositions, however, are quite different. The non-party may be required to appear twice – once for deposition and again and the hearing. . . . An arbitrator may not compel attendance of a non-party at a pre-hearing deposition." *In the Matter of the Arbitration between Integrity Insurance Co. v. American Centennial Insurance Co.*, 885 F. Supp. 69, 73 (S.D.N.Y. 1995).

And while the 8th Circuit believes that the FAA authorizes pre-hearing document production, the 4th Circuit does not. The "subpoena powers of an arbitrator are limited to those created by the express provisions of the FAA" and "nowhere does the FAA grant an arbitrator the authority to order non-

parties to appear at depositions, or the authority to demand non-parties provide the litigating parties with documents during pre-hearing discovery." *Comsat Corp. v. National Science Foundation*, 190 F.3d 269 (4th Cir. 1999). Well, not entirely. *Comsat* offered up a little dictum to flavor its opinion: "a party might, under unusual circumstances, petition the District Court to compel pre-arbitration discovery upon a showing of special need or hardship." *Id.* at 276. With all due respect to the 4th Circuit, Huh? Arbitrators don't have the power to order discovery, but the parties can petition a Court – which is not hearing the underlying case – to compel it anyway? Well, that is practical if not entirely logical. In *Hay Group, Inc. v. E.B.S, Acquisition Corp.*, 2003 U.S. Dist. Lexis 4909 (E.D. Pa. 2003), the court noted that if the 4th Circuit were right, if the FAA "is flexible enough to allow for pre-hearing production in a 'special need' situation, it is flexible enough to allow for pre-hearing production of documents when the arbitrators believe that it is appropriate without the federal court holding a hearing to determine 'special need . . ..'' So no need to go to court; the arbitrators have the power to order discovery.

**Some Courts Divide The Baby, Some Don't**

And while some courts have divided the discovery baby between document production and depositions, others have made no such distinction, finding that the FAA grants the implicit power to compel both testimony and documents prior to hearing. *Amgen Inc. v. Kidney Center of Delaware County, Ltd.*, 879 F. Supp. 878, 880 (N.D. Ill.1995).

OK, let's move on. Even if you convince your opponent and/or your arbitrator to issue a subpoena to a non-party, how do you enforce it? Well first, bluff. Serve the

subpoena; act as though compliance is expected, resistance is, as the Borg would say, futile. But what if your subpoena-ee tells you to obtain a hammer and hit sand?

A witness has no obligation to move to quash an arbitrator issued subpoena, since the FAA imposes no such requirement. *See Comsat Corp. v. National Science Foundation*, 190 F.3d 269, 276 (4th Cir. 1999). If the witness simply ignores the subpoena, you have to find a court to enforce it.

The FAA designates the court in which the arbitration is pending as the sole court with the power to enforce an arbitrator's subpoena. So if your arbitration is pending in Chicago, and you want to depose a non-party in Pennsylvania, you have to go to the Northern District of Illinois. Uh, huh. But the Chicago court can only enforce subpoenas to the same extent as under the Federal Rules– 100 miles. Hmm. In *Amgen Inc. v. Kidney Center of Delaware County, Ltd.*, 879 F. Supp. 878 (N.D. Ill.1995), on exactly that conundrum, Judge Gettleman came up with an elegant solution. Since Fed. R. Civ. P. 45(a)(3)(B) authorizes an attorney practicing in the court in which the trial is being held to issue a subpoena on behalf of the court for district in which a deposition is to take place, the attorney could issue a subpoena in Pennsylvania which could then be enforced by the court there.

One little problem. When the case got up to the 7th Cir., it was dismissed for lack of subject matter jurisdiction. The FAA grants the federal courts powers to assist arbitration only where the District Court would have jurisdiction over the underlying dispute. *Amgen Inc. v. Kidney Center of Delaware County, Ltd.*, 95 F.3d 562 (7th Cir.1996).

What? We made you wade through all of this stuff about the FAA only to tell you that the FAA may be irrelevant? Forgive us. A

2

**JENNER&BLOCK**

lot of commercial arbitration cases are going to meet federal jurisdictional standards; if they don't, more than 35 states have adopted the Uniform Arbitration Act and many which have not have not have their own statutes, all of which provide more or less corollary provisions so that a court, complete with gavels, bailiffs, sheriffs and other methods of enforcement, are provided unto you to enforce a subpoena if it is otherwise valid. *See, e.g.,* 710 ILCS 5/7.

Nothing about pre-hearing discovery in arbitration is quite so clear as the Croc O'Shea's of the world would have you believe. Don't be afraid to resist discovery in an arbitration; and don't assume, if it is you trying to take the discovery, that it will be easy.

★    ★    ★    ★    ★    ★    ★    ★    ★

Contacts:

**JEROLD S. SOLOVY**
Chairman of the Firm
Office: (312) 923-2671
Fax: (312) 840-7671
Email: jsolovy@jenner.com

**ROBERT L. BYMAN**
Partner
Office: (312) 923-2679
Fax: (312) 840-7679
Email: rbyman@jenner.com

This article first appeared in the September 8, 2003, edition of *The National Law Journal*.

**J E N N E R & B L O C K**

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused to be served a true and correct copy of Federal Insurance Company's Response to Bollinger Ruberry & Garvey's Motion to Compel Formeller & Barcia to the individuals below at their respective addresses on June 24, 2008:

**Via Email**

Mr. Alexander R. Domanskis
Boodell Domanskis & Saipe, LLC
205 N. Michigan Avenue, Suite 4307
Chicago, Illinois 60601
domanskis@boodlaw.com

**Via Email**

Mr. Richard S. Rhodes
125 South Wacker Drive
Suite 1700
Chicago, Illinois 60606
rsrhodes@hotmail.com

**Via Email**

Mr. Anthony G. Barone
Barone & Jenkins, P.C.
635 Butterfield Road
Suite 145
Oakbrook Terrace, IL 60181
AGBaronelaw@aol.com

**Via Email**

Mr. J. Timothy Eaton
Shefsky & Froelich, Ltd.
111 East Wacker Drive, Suite 2800
Chicago, IL 60601-3713
teaton@shefskylaw.com

**Via Email**

Ms. Carissa Langston
American Arbitration Association
Central Case Management Center
13455 Noel Road, Suite 1750
Dallas, Texas 75440
langstonC@adr.org

**Via Email**

Mr. James Borcia
Mr. Daniel Formeller
Tressler, Soderstrom, Malony & Priess, LLP
Sears Tower
233 South Wacker Drive, 22nd Floor
Chicago, IL  60606
jborcia@tsmp.com

_____
James H. Kallianis, Jr.

## Perry Shorris

From:           "Alison Miner" <alison.miner@brg-law.net>
To:             perry.shorris@brg-law.net
Date sent:      Fri, 27 Jun 2008 10:09:01 -0500
Subject:        (Fwd) Fwd: RE: Federal v. EPS
Priority:       normal


-------- Forwarded message follows -------
To:             alison.miner@brg-law.net
Subject:        Fwd: RE: Federal v. EPS
Date sent:      Fri, 27 Jun 2008 10:56:24 -0400
From:           agbaronelaw@aol.com


-----Original Message-----
From: Al Domanskis <domanskis@boodlaw.com>
To: Kallianis, James H. <james.kallianis@mbtlaw.com>;
teaton@shefskylaw.com; rsrhodes@hotmail.com; langstonC@adr.org;
AGBaronelaw@aol.com
Cc: Blume, Anne <Anne.Blume@mbtlaw.com>
Sent: Thu, 26 Jun 2008 2:38 pm
Subject: RE: Federal v. EPS

On behalf of the arbitrators and in order
to have the parties be able to proceed quickly in light of our
decision, our
decision on the Motion to Compel the Depositions and the Motion
Concerning the
Federal Rule 30(b)(6) designation is as follows:

Â        _


 With
     regard to the Motion to Compel the Depositions, Respondent
     should
petition
     the Court to enforce the subpoenas.Â  If the Court determines
     that
the
     Arbitration Panel should decide this issue, then the Arbitration

Panel
     advises the parties that we would require the deposition or
     depositions(from our last prehearing conference Claimant advised

that one
     but not both of the witnesses from the law firm at issue would
     be
named as
     a possible witness) and the production of documents.Â

 With
     regard to the Motion on the Federal Rule 30(b)(6) designation,
     it
appears



as if the parties have worked this out and no order will be
issued.

 With
    regard to these matters only, discovery is extended beyond the
discovery
    cut-off date, and we urge the parties to complete this discovery

as soon
    as possible. Â  Â


Â


Alexander R. Domanskis

BoodellÂ & Domanskis, LLC

205 North Michigan Avenue

Suite 4307

Chicago, IL 60601

Phone: (312) 540-1075

Fax:Â Â Â Â  (312)
540-1162

e-mail:Â  domanskis@boodlaw.com

Â

CIRCULAR 230 DISCLAIMER: ANY ADVICE CONTAINED IN
THIS COMMUNICATION IS NOT INTENDED OR WRITTEN TO BE USED, AND IT
CANNOT BE USED BY ANY TAXPAYER, FOR THE PURPOSE OF AVOIDING PENALTIES THAT
MAY BE IMPOSED ON THE TAXPAYER.

Â

THIS COMMUNICATION IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO
WHOM IT IS DIRECTED. IT MAY CONTAIN INFORMATION THAT IS PRIVILEGED,
CONFIDENTIAL OR OTHERWISE EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.
DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION BY ANYONE
OTHER THAN THE INTENDED RECIPIENT, OR A DULY DESIGNATED EMPLOYEE OR AGENT
OF SUCH RECIPIENT, IS PROHIBITED. IF YOU ARE NOT THE INTENDED RECIPIENT,
PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND PERMANENTLY DELETE THIS
COMMUNICATION AND ANY ATTACHMENTS. THANK YOU.

Â

Â

Â


------- End of forwarded message -------

M HN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


FEDERAL INSURANCE COMPANY,              )
                                        )
                 Petitioner,            )
                                        )
        v.                              )       No. 08 C 0431
                                        )
THE LAW OFFICES OF                      )
EDWARD T. JOYCE, P.C.,                  )
                                        )
                 Respondent.            )


## OPINION AND ORDER


In this case, Federal Insurance Company ("Federal") seeks
to enforce a discovery subpoena that an arbitration panel issued
to the Law Offices of Edward T. Joyce, P.C. (the "Joyce Firm").
The Joyce Firm is not a party to the arbitration.   The
arbitration concerns Federal's duty to defend EPS Solutions Corp.
and Enterprise Profit Solutions Corp. (jointly "EPS").   The Joyce
Firm represented other parties in litigation in which EPS was
involved.   A defense raised by Federal in the arbitration is
that coverage was precluded based on collusive-type conduct or
the underlying action being an "insured versus insured" claim.



EXHIBIT
D

Resolution of the pending petition does not necessitate detailing the underlying circumstances.[1]

This court has diversity jurisdiction over the Federal/EPS arbitration.  Federal is an Indiana corporation with its principal place of business in New Jersey and the opposing parties are Illinois residents.  The matter in controversy exceeds $75,000.  The court has authority to enforce a subpoena pursuant to the Federal Arbitration Act, 9 U.S.C. § 7.

The Joyce Firm does not dispute that this court has jurisdiction over the subpoena matter.  It also does not dispute that an arbitration subpoena for documents may be enforced as against a non-party to the arbitration.  Instead, the Joyce Firm contends the subpoena should not be enforced because it seeks irrelevant materials and some privileged documents, is overbroad, and should have been pursued earlier in the arbitration discovery process.  All of these contentions, however, should be raised with the arbitration panel.  They are not issues that should be decided by a court in the first instance.  See In re Security

---

[1]The Joyce Firm represented some of the plaintiffs who had claims against EPS and other defendants.  The Joyce Firm contends that EPS joined with the plaintiffs in attempting to show the other defendants, but not EPS, were liable to plaintiffs.  Those plaintiffs' claims against EPS were deferred while claims were pursued against the other defendants.  After the other defendants were successful in defeating liability, some plaintiffs succeeded on claims against EPS.  The arbitration relates to Federal's excess coverage regarding the successful claims against EPS.

Life Ins. Co. of America, 228 F.3d 865, 871 (8th Cir. 2000);
American Fed'n of Television & Radio Artists, AFL-CIO v. WJBK-TV
(New World Commc'n of Detroit, Inc.), 164 F.3d 1004, 1010 (6th
Cir. 1999); Festus & Helen Stacy Found., Inc. v. Merrill Lynch,
Pierce Fenner, & Smith Inc., 432 F. Supp. 2d 1375, 1379-80 (N.D.
Ga. 2006); American Fed'n of Gov't Employees Local 922 v.
Ashcroft, 354 F. Supp. 2d 909. 917 (E.D. Ark. 2003); Odfjell
Asa v. Celanese AG, 348 F. Supp. 2d 283 (S.D.N.Y. 2004), further
proceeding, 380 F. Supp. 2d 297 (S.D.N.Y. 2005), aff'd sub nom.,
Stolt-Nielsen SA v. Celanese AG, 430 F.3d 567 (2d Cir. 2005).

Since no objections to the subpoena have been raised with
the arbitration panel, enforcement of the subpoena will be
granted. Enforcement, however, will be subject to further
rulings of the arbitration panel. The Joyce Firm will have
30 days to comply with the subpoena. In the meantime, if it so
desires, it may move before the arbitration panel to quash the
subpoena in whole or in part or it may move the arbitration panel
for further time to comply with the subpoena.

No opinion is expressed regarding the merits of the
subpoena nor whether any motion to quash that may be brought
before the arbitration panel at this time would be untimely or
considered to have been waived. Neither is any opinion expressed
regarding whether the arbitration panel should extend any
discovery deadlines that may be necessary in order to complete

- 3 -

compliance with the subpoena.  Additionally, should further
proceedings be brought before this court regarding enforcing the
subpoena, the parties must address the issue of the appropriate
standard of review to be applied to any arbitration panel rulings
regarding the subpoena.

IT IS THEREFORE ORDERED that petitioner's motion to
expedite production and enforce the subpoena [11] is granted in
part and denied in part.  The Clerk of the Court is directed to
enter judgment in favor of petitioner and against respondent
enforcing the arbitration subpoena and requiring that respondent
answer the subpoena within 30 days, subject to any further ruling
of the arbitration panel.

ENTER:

William T. Hart

UNITED STATES DISTRICT JUDGE

DATED:  MARCH    13  , 2008

- 4 -