IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOLLINGER, RUBERRY & GARVEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 1:08-CV-3698 |
| | ) | |
| DAN FORMELLER and JAMES BORCIA, | ) | |
| | ) | |
| Respondents. | ) | |

**BOLLINGER, RUBERRY & GARVEY'S EMERGENCY MOTION TO COMPEL
COMPLIANCE WITH AND/OR ENFORCEMENT OF SUBPOENAS TO DAN
FORMELLER AND JAMES BORCIA**

NOW COMES Bollinger, Ruberry & Garvey ("BRG"), by and through its attorneys, and for its

Emergency Motion to Compel Compliance with and/or Enforcement of Subpoenas to Dan Formeller

and James Borcia, states as follows:

## I.     PARTIES AND JURISDICTION

1.     BRG is an Illinois partnership with its principal place of business in Chicago, Illinois.

2.     Dan Formeller is a citizen of Illinois practicing law in Illinois.

3.     James Borcia is a citizen of Illinois practicing law in Illinois.

4.     This Court has jurisdiction in this litigation pursuant to the Federal Arbitration Act, 9

U.S.C.  § 7, which grants federal courts the authority to enforce subpoenas in connection with

arbitration proceedings in the American Arbitration Association.

## II.     BACKGROUND

6.     BRG is presently involved in an arbitration proceeding with Federal Insurance

Company ("Federal"), EPS Solutions Corp. and Enterprise Profit Solutions Corp. (collectively,

"EPS") pending in the American Arbitration Association (the "Arbitration") in which Federal

seeks a declaration regarding its rights and obligations under the policy of insurance that it issued to EPS.

7.      A substantial portion of the arbitration involves the issue of whether Federal has a duty to pay BRG for fees and expenses incurred in the course of BRG's representation of EPS in various underlying actions.

8.      In the course of the arbitration, Federal has advised that it plans to call both Dan Formeller and James Borcia of Tressler Soderstrom Maloney & Priess to testify at the arbitration.

9.      In its disclosure, Federal stated that Borcia and Formeller will testify on a number of subjects, including "the defense of Chris Massey and Eric Watts in the Underlying Matters, discovery conducted in the Affirmative Case and Underlying Matters…and his observations regarding EPS' prosecution of the Affirmative Case and Underlying Matters."

10.     After receiving these disclosures, EPS in a timely manner, forwarded to the Panel subpoenas to both Formeller and Borcia to testify on June 26, 2008 and to produce certain documents.  Copies of said subpoenas are attached hereto as Exhibit "A."

11.     Since that date, Formeller and Borcia have refused to comply with the subpoenas, yet have not entered any formal objection to the panel in the Arbitration or to any court.

12.     BRG timely filed a Motion to Compel in the Arbitration.  Formeller and Borcia did not submit any briefs or objections in response.  Copies of the briefs filed in connection with said Motion are attached hereto as Group Exhibit "B."

13.     Federal filed a Response, stating:

> With respect to BRG's primary request that the Panel compel Formeller and Borcia to appear for depositions and to produce documents, Federal takes no position.  [Group Ex. B]

14.     The panel in the Arbitration ruled via e-mail on June 26, 2008 as follows:

> On behalf of the arbitrators and in order to have the parties be able to *proceed quickly* in light of our decision, our decision on the Motion to Compel the Depositions…is as follows:
>
> With regard to the Motion to Compel the Depositions, Respondent [BRG] should petition the Court to enforce the subpoenas.  If the Court determines that the Arbitration Panel should decide this issue, then the Arbitration Panel advises the parties that we would require the deposition or depositions (from our last prehearing conference Claimant advised that one but not both of the witnesses from the law firm at issue would be named as a possible witness) and the production of documents. [Emphasis added].

A copy of the ruling is attached hereto as Exhibit "C."

15.     BRG brings this matter on an emergency basis because discovery ends June 30, 2008, and trial is set for July 28, 2008.  In light of the imminent trial, these depositions must proceed as soon as possible.

## III.     PRIOR RULING BY JUDGE HART

16.     In connection with the Arbitration, Federal previously filed in the United States District Court for the Northern Illinois a Motion for Expedited Production and Enforcement of an Arbitration Subpoena in an action entitled, *Federal Insurance Company v. Edward T. Joyce Firm, P.C.*, Case No. 1:08-cv-00431 ("Joyce Action").  The Joyce Action grew out of the same Arbitration at issue in this Emergency Petition.

17.     Judge Hart issued and Opinion and Order in the Joyce Action finding that this Court had subject matter jurisdiction and that the arbitration subpoena issued to a non-party was enforceable by this Court.  Judge Hart specifically found: "Since no objections to the subpoena have been raised with the arbitration panel, enforcement of the subpoena will be granted."  A copy of Judge Hart's Opinion and Order is attached hereto as Exhibit "D."

## IV.     THE SUBPOENAS SHOULD BE ENFORCED

18.     Formeller and Borcia have not raised any objections to the subpoenas with the

arbitration panel.  Based on Judge Hart's prior ruling in the Joyce Action, this absence of any objections by Respondents should result in enforcement of the subpoena.

19.    In the case of *Amgen, Inc. v. Kidney Center of Delware County*, 879 F.Supp. 878 (N.D.Ill. 1993), *dismissed on other grounds*, 1996 U.S. App. LEXIS 28250 (7th Cir. Oct. 28, 1996)[1], Judge Gettleman found that "implicit in the power to compel testimony and documents for the purpose of a hearing [in an arbitration] is the lesser power to compel such testimony and documents for purposes prior to hearing."  *Amgen*, 879 F.Supp. at 880, *citing Meadows Indemnity Co., Ltd. v. Nutmeg Ins. Co.*, 157 F.R.D. 42 (M.D.Tenn. 1994).

20.    Based on the foregoing, this Court should enforce the subpoenas and compel the production of documents by, and depositions of, Formeller and Borcia.

21.    In the alternative, this Court should direct the panel in the Arbitration to enforce the subpoenas and compel the production of documents by, and depositions of, Formeller and Borcia.

WHEREFORE, BRG asks this Honorable Court to issue an Order either:

A.    Compelling Formeller and Borcia to appear for their depositions and to produce the subpoenaed documents; or, in the alternative;

B.    Direct the panel in the Arbitration to enforce the subpoenas and compel Formeller and Borcia to appear for their depositions and to produce the subpoenaed documents.

---

[1] The Seventh Circuit remanded the matter to the district court for the purpose of determining whether subject matter jurisdiction existed, but did not address the substantive merits or overturn the substantive ruling of the district court in *Amgen*.  The district court later determined that subject matter jurisdiction was lacking, but the Seventh Circuit never repudiated Judge Gettleman's substantive finding.  *See Amgen, Inc. v. Kidney Center of Delware County*, 1996 U.S. App. LEXIS 28250 (7th Cir. Oct. 28,,1996).

Respectfully submitted,

**BOLLINGER, RUBERRY & GARVEY**


_____/s/ Perry M. Shorris_____
One of its attorneys

Edward F. Ruberry
Perry M. Shorris
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street
Suite 2300
Chicago, Illinois 60661
(312) 466-8000 (telephone)
(312) 466-8001 (fax)

Anthony G. Barone
Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrace, Illinois  60181
(630) 472-0037 (telephone)

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the attached document was filed electronically on June 30, 2008, in accordance with the Court's Electronic Filing Guidelines.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_____ /s/ Perry M. Shorris, Esq. _____

BEFORE THE
AMERICAN ARBITRATION ASSOCIATION

FEDERAL INSURANCE COMPANY,  )
)
   Plaintiff,  )
)
   v.  )   AAA Number: 51-195-01043-04
)
EPS SOLUTIONS CORPORATION  )
and ENTERPRISE PROFIT  )
SOLUTIONS CORPORATION,  )
)
   Defendants.  )

## SUBPOENA

To:    Daniel R. Formeller
       Tressler, Soderstrom, Maloney & Priess, LLP
       Sears Tower
       233 South Wacker Drive, 22nd Floor
       Chicago, Illinois 60606

WE COMMAND YOU that, all business and excuses being laid aside, you and each of you appear and attend before Alexander Domanskis, Richard Rhodes and J. Timothy Eaton, arbitrator(s), acting under the arbitration law of this state, at Barone & Jenkins, P.C., 635 Butterfield Rd., Suite 145, Oakbrook Terrace, IL 60181, on the 26th day of June at 10:00 a.m. to testify and give evidence in a certain arbitration, then and then to be held between the above entitled parties.

Signed: _____
                    Arbitrator

Requested by:

Anthony G. Barone
David M. Jenkins
Barone & Jenkins, P.C.
635 Butterfield Rd., Ste. 145
Oakbrook Terrace, IL  60181
(630) 472-0037
Atty. No. 06196315
Dated:  May 8, 2008



EXHIBIT
A

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, certifies that I caused a copy of Bollinger, Ruberry & Garvey's *Subpoena to Daniel Formeller* to be served on the following via Certified Mail/Return Receipt Requested:

To:    Daniel R. Formeller
       Tressler, Soderstrom, Maloney & Priess, LLP
       Sears Tower
       233 South Wacker Drive, 22nd Floor
       Chicago, Illinois 60606

this 9th day of June, 2008.

*Elizabeth A. Person*

BEFORE THE

AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AAA Number: 51-195-01043-04 |
| | ) | |
| EPS SOLUTIONS CORPORATION | ) | |
| and ENTERPRISE PROFIT | ) | |
| SOLUTIONS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## SUBPOENA

To:    James Borcia
       Tressler, Soderstrom, Maloney & Priess, LLP
       Sears Tower
       233 South Wacker Drive, 22nd Floor
       Chicago, Illinois 60606

WE COMMAND YOU that, all business and excuses being laid aside, you and each of you appear and attend before Alexander Domanskis, Richard Rhodes and J. Timothy Eaton, arbitrator(s), acting under the arbitration law of this state, at Barone & Jenkins, P.C., 635 Butterfield Rd., Suite 145, Oakbrook Terrace, IL 60181, on the 26th day of June at 2:00 p.m. to testify and give evidence in a certain arbitration, then and then to be held between the above entitled parties. We also command you to produce at that time the documents on the attached rider.

Signed: _____

Arbitrator

Requested by:

Anthony G. Barone
David M. Jenkins
Barone & Jenkins, P.C.
635 Butterfield Rd., Ste. 145
Oakbrook Terrace, IL 60181
(630) 472-0037
Atty. No. 06196315
Dated: June 6, 2008

**CERTIFICATE OF SERVICE**

The undersigned, a non-attorney, certifies that I caused a copy of Bollinger, Ruberry & Garvey's *Subpoena to James Borcia* to be served on the following via Certified Mail/Return Receipt Requested:

To: James Borcia
Tressler, Soderstrom, Maloney & Priess, LLP
Sears Tower
233 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

this 9th day of June, 2008.

*Elizabeth A. Person*

**BEFORE THE**
**AMERICAN ARBITRATION ASSOCIATION**

FEDERAL INSURANCE COMPANY,   )
                                  )
        Plaintiff,         )
                                  )
        v.            )   AAA Number: 51-195-01043-04
                                  )
EPS SOLUTIONS CORPORATION   )
and ENTERPRISE PROFIT         )
SOLUTIONS CORPORATION,     )
                                  )
        Defendants.     )

### SUBPOENA *DUCES TECUM*

To:   Daniel R. Formeller
       Tressler, Soderstrom, Maloney & Priess, LLP
       Sears Tower
       233 South Wacker Drive, 22nd Floor
       Chicago, Illinois 60606

     WE COMMAND YOU that you produce and permit inspection, copying, testing, or sampling of documents, books, files, records, electronically stored information, or tangible things in your possession, custody or control as detailed and explained in the attached Rider to Subpoena *Duces Tecum*, within 7 business days, at your place of business, at a time to be agreed upon with the attorneys for Bollinger, Ruberry & Garvey.

                         Signed: _____
                                       Arbitrator

Requested by:

Anthony G. Barone
David M. Jenkins
Barone & Jenkins, P.C.
635 Butterfield Rd., Ste. 145
Oakbrook Terrace, IL 60181
(630) 472-0037
Atty. No. 06196315
Dated: _____, 2008

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, certifies that I caused a copy of Bollinger, Ruberry & Garvey's Subpoena *Duces Tecum* to be served on the following via Certified Mail/Return Receipt Requested:

> Daniel R. Formeller
> Tressler, Soderstrom, Maloney & Priess, LLP
> Sears Tower
> 233 South Wacker Drive, 22nd Floor
> Chicago, Illinois 60606

this 30th day of May, 2008.

*Elizabeth A. Person*

**BEFORE THE**
**AMERICAN ARBITRATION ASSOCIATION**

FEDERAL INSURANCE COMPANY,    )
                                      )
          Plaintiff,            )
                                        )
          v.               )    AAA Number: 51-195-01043-04
                                        )
EPS SOLUTIONS CORPORATION      )
and ENTERPRISE PROFIT           )
SOLUTIONS CORPORATION,        )
                                        )
          Defendants.        )

**RIDER TO SUBPOENA _DUCES TECUM_**

**Definitions**

1.     _"Document" or "documents"_ means documents as defined in Rule 34 of the Federal Rules of Civil Procedure, including electronically stored information.

2.     _"EPS Litigation"_ means any and all litigation arising out of the December 14, 1998 roll-up of Enterprise Profit Solutions Corporation ("EPS") and any subsequent acquisitions of companies by EPS. That litigation including both lawsuits and arbitrations and includes, without limitation, EPS's lawsuit against Deloitte & Touche and Jefferies & Company, the Holden actions, the TTR/Wadley Donovan actions, the Shoecraft action, Horowitz Family Trust action and any and all related litigation.

3.     _"You"_ means Daniel R. Formeller.

4.     _"Tressler Soderstrom"_ means the law firm Tressler, Soderstrom, Maloney & Priess, LLP.

5.     _"Meckler, Bulger"_ means the law firm Meckler, Bulger & Tilson, LLP.

6.    *"Federal"* means Federal Insurance Company and its affiliates and subsidiaries, including Chubb Insurance Company.

7.    *"National Union"* means National Union Fire Insurance Company of Pittsburgh, Pennsylvania and/or its claims handlers, AIG Technical Services or AIG Domestic Claims.

## DOCUMENTS REQUESTED

1.     All documents which refer or relate to communications between you and/or other attorneys at Tressler, Soderstrom and Janet Davis, and/or other attorneys at Meckler, Bulger, which refer or relate to the EPS litigation.

2.     Documents sufficient to show the billing rates for all attorneys at Tressler, Soderstrom with respect to any work performed on behalf of Chris Massey and/or Erik Watts with respect to the EPS litigation.

3.     Documents sufficient to show to what insurance companies or other entities Tressler, Soderstrom submitted any fee statements with respect to work done on behalf of Christopher Massey and/or Erik Watts with respect to the EPS litigation.

4.     Any and all documents sent by you or any other attorneys at Tressler, Soderstrom to any attorneys at Meckler, Bulger or to anyone at Federal, AIG or any excess carriers that refer or relate to the depositions of James Holden or Christine Holden, including the deposition transcripts and/or exhibits.  These documents include but are not limited to documents that show the date upon which information was transmitted and what documents were transmitted.

5.     Any and all documents that refer or relate to advising Janet Davis or any other attorneys at Meckler, Bulger or any personnel at Federal that the Holden materials were subject to a protective order and/or subject to claims of attorney-client privilege.

6.     Any and all documents  that refer or relate to any efforts by Tressler, Soderstrom to seek a conflict of interest waiver from EPS in order to perform work for Christopher Massey and/or Erik Watts.

7.    Any and all documents that refer or relate to communications between you or any other attorneys in Tressler, Soderstrom's Chicago office and Roland Day, or any other attorneys in Tressler, Soderstrom's Costa Mesa, California office about whether to seek a conflict of interest waiver with respect to work for EPS, Christopher Massey and/or Erik Watts.

8.    Any and all documents that refer or relate to any communication between attorneys at Tressler, Soderstrom and any attorneys at Meckler, Bulger or any personnel at Federal, AIG or any excess carriers about whether a conflict of interest waiver should be sought from EPS, Erik Watts or Christopher Massey with respect to any aspect of the EPS litigation.

9.    Any and all documents, including but not limited to time sheets, that refer or relate to any discussions between you or any other Tressler, Soderstrom attorneys and Janet Davis or any other Meckler, Bulger attorneys or National Union, Federal or any excess carriers that involve:  *(a)* any criticism of the work performed by Bollinger, Ruberry & Garvey with respect to the EPS litigation or *(b)* any criticism of the bills submitted by Bollinger, Ruberry & Garvey with respect to the EPS litigation.

10.    Any and all documents that refer or relate to work done by Roland Day or any other attorneys in the Tressler, Soderstrom Costa Mesa, California office for EPS before those attorneys joined the Tressler, Soderstrom Costa Mesa, California office. These documents include but are not to be limited to any work involving the December 14, 1998 "roll-up" transaction.

11.    Any and all documents that refer or relate to any efforts by Tressler, Soderstrom to obtain a conflict of interest waiver from Federal or National Union with respect to the EPS litigation.

12.    Any and all documents which refer or relate to efforts to obtain dismissals from the EPS litigation on behalf of Christopher Massey and/or Erik Watts.

13.    Any and all documents, including time sheets, that refer or relate to efforts by you or any other Tressler, Soderstrom attorneys to meet with counsel for Holden in order to discuss a settlement between EPS and the Holden plaintiffs, whether or not Janet Davis, or any other attorneys from Meckler, Bulger, were involved in such meetings and whether or not EPS or its counsel of record were advised of the meetings.

BEFORE THE
AMERICAN ARBITRATION ASSOCIATION

FEDERAL INSURANCE COMPANY,   )
                                                )

            Plaintiff,          )

                                                )

            v.                )  AAA Number: 51-195-01043-04

                                                )

EPS SOLUTIONS CORPORATION      )
and ENTERPRISE PROFIT           )
SOLUTIONS CORPORATION,        )

                                                )

           Defendants.     )

To:    Daniel R. Formeller
       Tressler, Soderstrom, Maloney & Priess, LLP
       Sears Tower
       233 South Wacker Drive, 22nd Floor
       Chicago, Illinois 60606

## SUPPLEMENT TO SUBPOENA RIDER

     WE COMMAND YOU that you produce and permit inspection, copying, testing, or sampling of documents, books, files, records, electronically stored information, or tangible things in your possession, custody or control as detailed and explained in the attached Rider to Subpoena *Duces Tecum*, within 7 business days, at your place of business, at a time to be agreed upon with the attorneys for Bollinger, Ruberry & Garvey.

                        Signed: _____
                                         Arbitrator

Requested by:

Anthony G. Barone
David M. Jenkins
Barone & Jenkins, P.C.
635 Butterfield Rd., Ste. 145
Oakbrook Terrace, IL 60181
(630) 472-0037
Atty. No. 06196315
Dated: _____, 2008

BEFORE THE
AMERICAN ARBITRATION ASSOCIATION

FEDERAL INSURANCE COMPANY,   )
                               )
         Plaintiff,          )
                               )
         v.             )   AAA Number: 51-195-01043-04
                               )
EPS SOLUTIONS CORPORATION   )
and ENTERPRISE PROFIT        )
SOLUTIONS CORPORATION,      )
                               )
         Defendants.      )

To:    Daniel R. Formeller
        Tressler, Soderstrom, Maloney & Priess, LLP
        Sears Tower
        233 South Wacker Drive, 22nd Floor
        Chicago, Illinois 60606

## DEFINITIONS

1.    *"Document" or "documents"* means documents as defined in Rule 34 of the Federal Rules of Civil Procedure, including electronically stored information.

2.    *"EPS Litigation"* means any and all litigation arising out of the December 14, 1998 roll-up of Enterprise Profit Solutions Corporation ("EPS") and any subsequent acquisitions of companies by EPS. That litigation including both lawsuits and arbitrations and includes, without limitation, EPS's lawsuit against Deloitte & Touche and Jefferies & Company, the Holden actions, the TTR/Wadley Donovan actions, the Shoecraft action, Horowitz Family Trust action and any and all related litigation.

3.    *"You"* means Daniel R. Formeller.

4.      *"Tressler Soderstrom"* means the law firm Tressler, Soderstrom, Maloney & Priess, LLP.

5.      *"Meckler, Bulger"* means the law firm Meckler, Bulger & Tilson, LLP.

6.      *"Federal"* means Federal Insurance Company and its affiliates and subsidiaries, including Chubb Insurance Company.

7.      *"National Union"* means National Union Fire Insurance Company of Pittsburgh, Pennsylvania and/or its claims handlers, AIG Technical Services or AIG Domestic Claims.

## DOCUMENTS REQUESTED

1.    All documents, including time sheets, that reflect any communications between you or any other attorneys at the Tressler, Soderstrom firm, and any attorneys at either Sidley & Austin or Latham & Watkins, about issuing subpoenas to the Bank of America that could not be issued by either Sidley & Austin or Latham & Watkins.

2.    Any and all documents, including time sheets that reflect any communications with Janet Davis or any other attorneys at the Meckler, Bulger firm about issuing subpoenas to the Bank of America that could not be issued either by Sidley & Austin or Latham & Watkins, including any discussions of whether the subpoenas could be harmful to EPS's interests.

3.    Any and all documents, including time sheets, reflecting communications with Janet Davis or any other attorneys at the Meckler, Bulger firm, or Linton Childs, or anyone else at Sidley & Austin or any employees of AT&T, about the need for Christopher Massey to cooperate with Deloitte & Touche in the EPS litigation in order to maintain his Deloitte & Touche pension.

4.    Any and all documents, including time sheets, reflecting any consideration of whether Christopher Massey's cooperation with Deloitte & Touche could be harmful to EPS's interest.

**IN THE AMERICAN ARBITRATION ASSOCIATION**

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) AAA No.: 51 195 01043 04 |
| EPS SOLUTIONS CORP. and ENTERPRISE PROFIT SOLUTIONS CORP., | ) |
| Defendants. | ) |
| EPS SOLUTIONS CORP. and ENTERPRISE PROFIT SOLUTIONS CORP., | ) |
| Counter-Plaintiffs, | ) |
| v. | ) |
| FEDERAL INSURANCE COMPANY, | ) |
| Counter-Defendant. | ) |
| BOLLINGER, RUBERRY & GARVEY, | ) |
| Intervener-Plaintiff, | ) |
| v. | ) |
| FEDERAL INSURANCE COMPANY, | ) |
| Plaintiff/Counter-Defendant/ Defendant in Intervention. | ) |

---

**BOLLINGER, RUBERRY & GARVEY'S REPLY IN SUPPORT OF MOTION TO COMPEL FORMELLER AND BORCIA DEPOSITIONS AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA TO FORMELLER**

NOW COMES Bollinger, Ruberry & Garvey ("BRG"), by and through its attorneys,

Barone & Jenkins, P.C., and respectfully submits BRG's Reply In Support of Its Motion to



EXHIBIT
B

Compel Formeller and Borcia and BRG's Motion to Compel Production of Documents Pursuant to Subpoena to Formeller, stating as follows.

## PROCEDURAL BACKGROUND

On May 30, 2008, BRG served a Subpoena *Duces Tecum* on Dan Formeller ("Formeller") and on June 2, 2008, BRG served a Supplement to Subpoena Rider relating to the Subpoena *Duces Tecum* on Formeller (collectively, the "Document Subpoena"). On June 9, 2008, BRG served a Subpoena on Formeller, which scheduled his deposition in the instant matter for the morning of June 26, 2008 ("Formeller Subpoena") and a Subpoena on James Borcia ("Borcia"), which scheduled his deposition in the instant matter for the afternoon of June 26, 2008 ("Borcia Subpoena"). Both Formeller and Borcia are partners in the law firm of Tressler, Soderstrom, Maloney & Priess (the "Tressler firm") and represented two of EPS's former directors and officers, Chris Massey and Erik Watts, in the Underlying Matters. In an e-mail from Borcia to BRG's counsel dated June 24, 2008, Borcia stated that the Tressler firm will not produce documents or appear for deposition absent a court order ("Borcia's June 24th e-mail"). See E-mail correspondence from Borcia to Anthony G. Barone, attached Federal's Response to Motion to Compel Formeller and Borcia.

## I.    REPLY IN SUPPORT OF MOTION TO COMPEL FORMELLER AND BORCIA DEPOSITIONS

The Formeller Subpoena and the Borcia Subpoena (collectively, the "Deposition Subpoenas") were issued by this Panel and were properly served. The Panel has the authority to enforce these subpoenas. Amgen, Inc. v. Kidney Center of Delaware County, Ltd., 879 F. Supp. 878, 883 (N.D. Ill. 1995). Despite Federal's suggestion to the contrary, the subsequent Seventh Circuit opinion does not overturn the substantive ruling by the Northern District of Illinois in the Amgen case. Rather, the Seventh Circuit remanded the matter to the Northern District of Illinois

merely for the purpose of determining whether diversity or subject matter jurisdiction existed over the matter at issue in the underlying arbitration. <u>Amgen, Inc. v. Kidney Center of Delaware County, Ltd.</u>, 95 F.3d 562, 568 (7th Cir. 1996). The Seventh Circuit does not address the substantive merits of or overturn the substantive ruling of the District Court's opinion.

Federal has acknowledged that diversity jurisdiction exists in the instant matter by initially filing this matter in federal court and by filing the matter of <u>Federal Insurance Company v. The Law Offices of Edward T. Joyce, P.C.</u>, No. 08C0431, in the Northern District of Illinois, seeking to enforce a subpoena *duces tecum* served on a non-party law firm that represented parties in the Underlying Matters. Given proper jurisdiction, which Federal has acknowledged exists here, the District Court's substantive ruling in <u>Amgen</u> applies and provides that the instant Arbitration Panel has the authority to enforce the Deposition Subpoenas. As a result, the Arbitration Panel has the authority to enforce the Deposition Subpoenas.

Further, Formeller and Borcia's refusal to appear for deposition in response to the subpoenas issued by this Arbitration Panel is disingenuous, because Formeller and Borcia served subpoenas for the deposition of non-party witnesses in the underlying <u>Holden</u> matter and those depositions proceeded. <u>See</u> Notice of Rule 30(b)(6) Deposition Pursuant to Subpoena served on Bank of America in San Francisco, California, signed by Borcia and served by the Tressler firm, attached hereto as Exhibit "A." By asking the arbitration panel in the underlying <u>Holden</u> matter to issue subpoenas, Formeller and Borcia recognized the inherent powers of arbitrators to issue and enforce subpoenas. Further, in Formeller's role as an arbitrator for the American Arbitration Association, Formeller undoubtedly has issued and enforced subpoenas for the deposition of non-parties. Formeller and Borcia are refusing to comply with subpoenas issued in an arbitral forum even though Formeller and Borcia are more than happy to recognize arbitrators' authority to issue subpoenas when such issuance benefits Formeller and Borcia.

Federal has informed BRG that Federal will call both Formeller and Borcia to testify at the hearing. Federal has disclosed the testimony that Federal anticipates these witnesses will give at the hearing. Federal has named Formeller and Borcia as witnesses to testify, in part, about BRG's handling of the Affirmative Case and the Underlying Matters. Based upon Federal's insistence on calling two attorneys from the same law firm to testify at the hearing and Federal's ability to disclose these witnesses' anticipated testimony, fundamental fairness dictates that BRG be allowed to depose Formeller and Borcia prior to the hearing in the instant matter. The Panel has the authority to enforce the Deposition Subpoenas under the District Court's substantive ruling in Amgen. As a matter of equity and fundamental fairness, if the Panel issues an order enforcing the Deposition Subpoenas and Formeller and Borcia continue their disingenuous refusal to comply, then they should be barred from testifying at hearing.

Any feigned concerns by Federal that barring the hearing testimony of these witnesses is unfair are easily rectified by Federal asking these witnesses to comply with the Deposition Subpoenas rather than standing on the sidelines.

As a result, if Formeller and Borcia continue to refuse to present themselves for deposition, then they should be barred from testifying at the hearing in this matter.

## II.    MOTION TO COMPEL DOCUMENTS FROM FORMELLER AND THE TRESSLER FIRM PURSUANT TO DOCUMENT SUBPOENA

The Arbitration Panel has the authority to order the production of documents for review by BRG prior to the hearing. Implicit in an arbitration panel's power to subpoena relevant documents for production at a hearing is the power to order the production of relevant documents for review by a party prior to the hearing. In re Security Life Ins. Co. of America, 228 F.3d 865, 870-871 (8th Cir. 2000). The exercise of this implicit power is proper whether the subpoena is issued to a party or non-party. Id.; see, e.g., American Fed'n of Television & Radio Artists, AFL-CIO v. WJBK-TV, 164 F.3d 1004, 1010 (6th Cir. 1999) (Under 9 USCS § 7, arbitrator is

authorized to issue subpoena duces tecum to compel third party to produce records he deems material to case, either before or after arbitration hearing.).

In Borcia's June 24th e-mail, Borcia merely states that the Tressler firm will not produce documents and states no reason or authority for this position. The article cited in Borcia's June 24th e-mail recognizes an arbitrator's authority under the Federal Arbitration Act to order the production of documents from a party or a non-party for review prior to the arbitration hearing. See Jerold S. Solovy and Robert Byman, *Arbitrary Arbitration Discovery*, September 8, 2003, at 2, as attached to Federal's Response to Motion to Compel Formeller and Borcia.

Further, the Northern District of Illinois has recognized this Panel's authority to order the production of documents of non-parties to the instant matter. In Federal Insurance Company v. The Law Offices of Edward T. Joyce, P.C., No. 08C0431, the Northern District of Illinois ordered that Federal's subpoena *duces tecum* issued by the Panel in the instant matter and served on The Law Offices of Edward T. Joyce, P.C. (the "Joyce firm"), counsel for some of the claimants in the Underlying Matters, was enforceable subject to further rulings by the arbitration panel. See Opinion and Order, Federal Insurance Company v. The Law Offices of Edward T. Joyce, P.C., No. 08C0431, (N.D. Ill. March 13, 2008), attached hereto as Exhibit "B."

As a result, the Panel can and should order Formeller and the Tressler firm to produce documents subject to the Document Subpoena.

WHEREFORE, Bollinger, Ruberry & Garvey respectfully requests that the Panel bar the hearing testimony of Daniel Formeller and James Borcia if they continue to refuse to appear for deposition in compliance with the subpoenas issued by this Panel, compel Daniel Formeller and Tressler, Soderstrom, Maloney & Priess to produce documents in response to the Subpoena *Duces Tecum* and the Supplement to Subpoena Rider and such other relief as this Panel deems just and appropriate.

BOLLINGER, RUBERRY & GARVEY


By: /s/ Anthony G. Barone
          One of Its Attorneys

Anthony G. Barone
Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrace, Illinois 60181
Telephone (630) 472-0037
Atty. No. 34622

Dated:  June 25, 2008

IN THE AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | AAA No. 51 195 01043 04 |
| | ) | |
| EPS SOLUTIONS CORP. and | ) | |
| ENTERPRISE PROFIT SOLUTIONS CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| EPS SOLUTIONS CORP. and | ) | |
| ENTERPRISE PROFIT SOLUTIONS CORP., | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| _____ | ) | |
| | ) | |
| BOLLINGER, RUBERRY & GARVEY, | ) | |
| | ) | |
| Plaintiff in Intervention, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant. | ) | |

To:    Mr. James H. Kallianis, Jr.
       Meckler, Bulger & Tilson
       123 N. Wacker Drive, Suite 1800
       Chicago, Illinois 60606
       (312) 474-7898

## CERTIFICATE OF SERVICE

I certify and state that I served a copy of the foregoing *Bollinger, Ruberry & Garvey's* Reply In Support of Its Motion to Compel Formeller and Borcia and Motion to Compel Production of Documents Pursuant to Subpoena to Formeller to the persons listed above by electronic mail on the 25th of June, 2008.

7

**BOLLINGER, RUBERRY & GARVEY**


By:   /s/ Anthony G. Barone
        One of its Attorneys

Anthony G. Barone
David M. Jenkins
Barone & Jenkins, P.C.
635 Butterfield Rd., Ste. 145
Oakbrook Terrace, IL 60181
630/472-0037

EXHIBIT "A"

KH/#309234

BEFORE THE AMERICAN ARBITRATION ASSOCIATION

T S M & P

RECEIVED

OCT 1 6 2003

DIARIED_____DOCKETED_____

ATTY. _____

| | |
|---|---|
| JAMES HOLDEN AND CHRISTINE HOLDEN, | ) |
| Claimants, | ) |
| v, | ) |
| DELOITTE AND TOUCHE; JEFFRIES & COMPANY; JEFFREY WEINHUFF; CHRISTOPHER P. MASSEY; DAVID M. EHLEN; ERIK R. WATTS; WALTER L. SCHINDLER; MARK C. COLEMAN; EPS SOLUTIONS CORP.; ENTERPRISE PROFIT SOLUTIONS CORP.; | ) |
| Respondents. | ) |

51 Y 168 00590 01

Administrator:
Jeremy T. Jackson

## NOTICE OF RULE 30(b)(6) DEPOSITION PURSUANT TO SUBPOENA

TO:  Bank of America
     345 Montgomery Street
     San Francisco, CA 94104

Bernard LeSage, Esq.
Buchalter, Nemer, Fields & Younger
601 South Figueroa Street, 24th Floor
Los Angeles, CA 90017

YOU ARE HEREBY NOTIFIED THAT you are requested to produce **BANK OF AMERICA** and its representatives, their depositions to be taken at Latham & Watkins, 505 Montgomery Street, Suite 1900, San Francisco, California 94111 on November 24, 2003 at **9:00 a.m.**, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, before a notary public or other person by law to administer oaths and continuing from day to day until completed, at which time and place you may be present if you so desire. **BANK OF AMERICA** is required to designate one or more officers, directors, managing agents or other persons competent to testify on its behalf concerning all matters set forth in the Attached Rider.

CHRISTOPHER MASSEY

By: _____
    One of His Attorneys

Daniel R. Formeller
James K. Borcia
Basileios Katris
Katherine L. Haennicke
TRESSLER, SODERSTROM, MALONEY & PRIESS
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
(312) 627-4000

BRG0025456

### The Arbitration Tribunals of the
### American Arbitration Association

In the Matter of the Arbitration between

James Holden *et al.*

v.                                                              Subpoena

Deloitte & Touche, LLP *et al.*
Case No. 51 Y 168 00590 01
FROM THE PEOPLE OF THE NORTHERN DISTRICT OF CALIFORNIA

TO:    Bank of America
       345 Montgomery Street
       San Francisco, CA 94104

GREETING:

WE COMMAND YOU that, all business and excuses being laid aside, you and each of you appear and attend before Kent Lawrence, Burton X. Rosenberg and Jerald P. Esrick, arbitrators

acting under federal arbitration law, at

Latham & Watkins, 505 Montgomery Street, Suite 1900, San Francisco, CA 94111

on the 24th day of November, 2003, at 9:00 a.m. o'clock, to give testimony in the above referenced matter with regard to the items on the attached rider.

Signed: _____

Signed: _____
                              Arbitrator(s)

Requested by: Christopher Massey
James K. Borcia
       Name of Representative
Tressler, Soderstrom, Maloney & Priess
233 South Wacker Drive, 22nd Floor
Chicago, Illinois 60606

Dated: October 8, 2003



<u>RIDER</u>

<u>DEFINITIONS</u>

1.    The term "Bank of America" as used herein, shall mean Bank of America N.A. and shall also include all parents, subsidiaries, affiliates, officers, directors, employees, agents, and representatives thereof.

2.    The terms "you" and "your," as used herein, shall refer to Bank of America.

3.    The term "EPS," as used herein, shall mean EPS Solutions Corporation and Enterprise Profit Solutions Corporation and shall also include predecessors in interest, such as ICRS, Inc., ProfitSource Corporation and ProfitSource Operating Company, parents, subsidiaries, affiliates, officers, directors, employees, agents, and representatives thereof.

4.    The term "D&T," as used herein, shall mean Deloitte & Touche and shall also include all parents, subsidiaries, affiliates, officers, directors, employees, agents, and representatives thereof.

5.    The term "Jefferies," as used herein, shall mean Jefferies & Company, Inc. and shall also include all parents, subsidiaries, affiliates, officers, directors, employees, agents, and representatives thereof.

6.    The term "Roll-Up," as used herein, shall mean the acquisition by EPS of certain consulting and cost recovery businesses during 1998 and 1999.

7.    The term "Roll-Up Participant," as used herein, shall mean Bay Group International, Inc., Benefit Funding Services Group, LLC, Better Communications, Inc., TSL Services, Inc., D'Accord Holdings, Inc., Dimension Funding, Inc., Disbursement Recovery Services, LLC, The Dublin Group, Inc. FFR Holding Co., Inc., Hindert & Associates, Inc., Lease Audit & Analysis Services, Inc., National Recovery Services, LLC, The Oxxford Consulting Group, Inc., The Oxxford Group, Inc., Partners Consulting Services, Inc., Praxis Development

2

BRG0025458

LC, The Praxis Group Limited Partnership, The Praxis Group, Inc., The Praxis Institute, Inc. dba Vitality Alliance, Pritchett Publishing Co., Sigma International, Inc., The Structured Settlements Company, Inc., The Wadley-Donovan Group, Ltd., Young, Clark & Associates, Inc., CyberLease, LLC, Cyber Stract, LLC, DHR International, Inc., Equitax, FDSI Logistics, Inc., Kenneth H. Wells & Associates, Inc., Medco Review, Inc., Mobility Services International, Inc., The Conrad Lee Company, National Benefits Consultants, LLC, National RevMax Consultants, LLC, Integrated Cost Reduction Strategies, The Ringco Group, LLC, RBG Group, Ltd., DLD Insurance Brokers, Inc., Holden Corporation, e-Fox, LLC, National Health Cost Recovery Services, LLC, The T&E Group, and Insurance Designers of America.

8.    The term "communication," as used herein, shall mean the transmission, sending and/or receipt of information of any kind by and/or through any means including but not limited to speech, writings, language (machine, foreign or otherwise), computer electronics of any kind, magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic disks, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, photographic film of any type and/or other media of any kind.

9.    The term "document," as used herein, shall have the meaning provided in Federal Rule of Civil Procedure 34, and shall include each and every writing or record of every type that is or has been in your possession, custody or control, or to which you or your counsel has access, including without limitation correspondence, memoranda, stenographic or handwritten notes, emails, drafts, studies, blueprints, journals, invoices, sales slips, vouchers, production records, service records, warranty records, catalogs, advertisements, bulletins, pamphlets, books, publications, pictures, films, voice or other recordings, maps, reports, storage discs or other data records, whether recorded electronically or otherwise.

3

BRG0025459

10.    The term "person," as used herein, shall mean an individual, proprietorship, partnership, firm, corporation, association, governmental office or other organization.

11.    The words "and" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of this subpoena any information that might be deemed outside their scope by any other construction.

12.    The phrases "refer or relate to" and "referring or relating to" as used herein, shall mean all information, facts, and/or documents that directly, indirectly, or in any other way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to, and/or are otherwise connected with the subject matter about which the document request is being made.

13.    Except as specifically provided herein, words that impart the singular shall include the plural and vice versa.

## TOPICS

Pursuant to this Notice of Deposition, please present the designated person or persons knowledgeable on the following matters:

1.    The due diligence policies and practices of Bank of America.

2.    The due diligence Bank of America, Antares and/or ING performed on ProfitSource/EPS prior to entering into any agreements between Bank of America, Antares and/or ING and Profit Source/EPS.

3.    The information and/or documents that were made available to Bank of America, Antares and/or ING by any party, including but not limited to by ProfitSource/EPS for the banks' due diligence efforts.

4.    The information made available to Bank of America, Antares and/or ING about ICRS and/or National Benefit Consultants during the banks' due diligence.

4

BRG0025460

5.      Bank of America's credit rating system.

6.      The credit rating and/or risk rating Bank of America gave to ProfitSource/EPS.

7.      The policies and manner in which documents regarding the extension of credit and the due diligence undertaken in connection therewith are maintained and stored by Bank of America, including any electronic versions. (documents defined to include everything, including e-mails).

8.      Any information provided by Bank of America to any agency that regulates it regarding the loan to EPS.

9.      Bank of America's classification of the EPS loan.

10.     Any and all communications with ProfitSource, EPS, Deloitte & Touche or any of its agents, Ernst & Young or any of its agents, Jefferies & Company or any of its agents, Gibson Dunn & Crutcher and any of its agents, Re:sources or any of its agents, ICRS or any of its agents, Christopher Massey, Erik Watts, Jeffry Weinhuff, David Losito, Jesse Selnick, or any of the roll-up entities (as stated in the definitions which would include all claimants).

11.     Any and all payments received from Enterprise Profit Solutions, Inc. and/or EPS Inc.

12.     The due diligence performed by the banks on individual entities who participated in the EPS roll-up.

13.     The due diligence performed by the banks on any individual entities who did not participate in the EPS roll-up.

14.     The documents requested by Bank of America, Antares or ING of EPS, Deloitte & Touche, ICRS, Ernst & Young, Gibson Dunn & Crutcher, Jefferies & Company, Re:Sources or any of the roll-up entities.



5

BRG0025461

15.     The documents received by Bank of America, Antares or ING from ProfitSource/EPS, Deloitte & Touche, Ernst & Young, Re:Sources, ICRS, Jefferies & Company or any of the roll-up entities.

16.     Any and all communications with corporate entities and/or individuals who offered, attempted or purchased the assets or stock of any of the roll-up entities in 2000 and/or 2001.

17.     Any and all meetings held with corporate entities and/or individuals who offered, attempted or purchased the assets or stock of any of the roll-up entities in 2000 or 2001.

18.     Any and all meetings relating to the EPS roll-up in which an agent or individual representing Bank of America and any potential roll-up participant attended.

19.     The analyses performed by KPMG on behalf of the banks in connection with the divestitures by EPS.

20.     The prices paid to acquire from EPS, the assets of DHR International, Holden Corporation and efox and any other roll-up entities' assets that were bought in 2000 and 2001.

21.     Any and all communications with EPS, its counsel and others regarding this case.

22.     The funding paid to ProfitSource/EPS for the roll-up.

6

BRG0025462

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath, deposes and says that she served the foregoing document referenced herein by mailing copies to: Bank of America, 345 Montgomery Street, San Francisco, CA 94104 and the entity's attorney Bernard LeSage at Buchalter, Nemer, Fields & Younger, 601 South Figueroa Street, 24th Floor, Los Angeles, CA 90017 by depositing same in the U.S. Mail at Sears Tower, 22nd Floor, 233 South Wacker Drive, Chicago, Illinois on the 17th day of October, 2003.

SUBSCRIBED AND SWORN to before me
this 17th day of October, 2003.

_____
NOTARY PUBLIC

```
OFFICIAL SEAL
CYNTHIA CLOSE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 06-15-07
```

#171692

BRG0025463

## SERVICE LIST FOR ARBITRATION
*Holden, et al. v. EPS Solutions, et al.*
### Case No. 00 C 7488 - Arbitration No. 51 Y 168 00590 01

| | |
|---|---|
| Harvey J. Barnett<br>John H. Ward<br>Jean K. Janes<br>Much, Shelist, Freed, Denenberg, Ament &<br>Rubenstein<br>191 North Wacker Drive<br>Suite 1800<br>Chicago, IL 60606<br><br>Fax: (312) 521-2100 | Edward F. Ruberry<br>Bollinger, Ruberry & Garvey<br>500 West Madison Street<br>Suite 2300<br>Chicago, IL 60661<br>(312) 466-8000<br><br><br>Fax: (312) 466-8001 |
| Linton J. Childs<br>Sidley & Austin<br>Bank One Plaza<br>10 South Dearborn Street<br>Chicago, IL 60603<br><br><br>Fax: (312) 853-7036 | Nancy Scheurwater Hunter<br>Janet Malloy Link<br>Latham & Watkins<br>5800 Sears Tower<br>233 South Wacker Drive<br>Chicago, IL 60606<br><br>Fax: (312) 993-9767 |
| Michael H. Diamond<br>Milbank, Tweed, Hadley & McCloy<br>601 South Figueroa Street<br>30th Floor<br>Los Angeles, CA 90017<br><br>Fax: (213) 629-5063 | Kent Lawrence<br>Lawrence, Kamin, Saunders & Uhlenhop,<br>L.L.C.<br>208 S. LaSalle Street<br>Suite 1750<br>Chicago, Illinois 60604<br><br>Fax: (312) 372-2389 |
| Burton X. Rosenberg<br>Seyfarth, Shaw, Fairweather & Geraldson<br>55 E. Monroe Street<br>Suite 4200<br>Chicago, Illinois 60603<br><br>Fax: (312) 269-8869 | Jerald P. Esrick<br>Wildman, Harrold, Allen & Dixon<br>225 W. Wacker Drive<br>Suite 2800<br>Chicago, Illinois 60606<br><br>Fax: (312) 201-2555 |
| Jeremy T. Jackson<br>American Arbitration Association<br>13455 Noel Road<br>Suite 1750<br>Dallas, Texas 75240<br><br>Fax: (972) 490-9008 | James E. Dahl<br>James E. Dahl & Associates<br>225 W. Washington Street<br>Suite 1125<br>Chicago, Illinois 60606<br><br>Fax: (312) 641-1662 |

BRG0025464

| | |
|---|---|
| Matthew G. Borgula<br>Jenner & Block LLC<br>One IBM Plaza<br>330 N. Wabash Avenue<br>44th Floor<br>Chicago, Illinois 60611<br><br>Fax: (312) 840-8750 | Derek J. Meyer<br>McDermott, Will & Emery<br>227 West Monroe Street<br>Chicago, Illinois 60606<br><br><br><br>Fax: (312) 984-7700 |
| Thomas Shapiro<br>Shapiro, Haber & Urmy, LLP<br>75 State Street<br>Boston, Massachusetts 02109<br><br>Fax: (617) 439-0134 | Edward Joyce<br>Arthur Aufmann<br>11 South LaSalle Street<br>Suite 1600<br>Chicago, Illinois 60603<br><br>Fax: (312) 641-0360 |
| Michael S. Libowitz<br>Thomas & Libowitz<br>100 Light Street<br>Suite 1100<br>Baltimore, Maryland 21202<br><br>Fax: (410) 752-2046 | Frank Bastian<br>Lichtsinn & Haensel, S.C.<br>111 E. Wisconsin Avenue<br>Suite 1800<br>Milwaukee, Wisconsin 53202<br><br>Fax: (414) 276-9278 |
| | |

#142614 v 2

BRG0025465

EXHIBIT "B"

*M HN*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


FEDERAL INSURANCE COMPANY,          )
                                    )
                Petitioner,         )
                                    )
        v.                          )    No. 08 C 0431
                                    )
THE LAW OFFICES OF                  )
EDWARD T. JOYCE, P.C.,              )
                                    )
                Respondent.         )


## OPINION AND ORDER


In this case, Federal Insurance Company ("Federal") seeks to enforce a discovery subpoena that an arbitration panel issued to the Law Offices of Edward T. Joyce, P.C. (the "Joyce Firm"). The Joyce Firm is not a party to the arbitration. The arbitration concerns Federal's duty to defend EPS Solutions Corp. and Enterprise Profit Solutions Corp. (jointly "EPS"). The Joyce Firm represented other parties in litigation in which EPS was involved. A defense raised by Federal in the arbitration is that coverage was precluded based on collusive-type conduct or the underlying action being an "insured versus insured" claim.

Resolution of the pending petition does not necessitate detailing the underlying circumstances.[1]

This court has diversity jurisdiction over the Federal/EPS arbitration. Federal is an Indiana corporation with its principal place of business in New Jersey and the opposing parties are Illinois residents. The matter in controversy exceeds $75,000. The court has authority to enforce a subpoena pursuant to the Federal Arbitration Act, 9 U.S.C. § 7.

The Joyce Firm does not dispute that this court has jurisdiction over the subpoena matter. It also does not dispute that an arbitration subpoena for documents may be enforced as against a non-party to the arbitration. Instead, the Joyce Firm contends the subpoena should not be enforced because it seeks irrelevant materials and some privileged documents, is overbroad, and should have been pursued earlier in the arbitration discovery process. All of these contentions, however, should be raised with the arbitration panel. They are not issues that should be decided by a court in the first instance. See In re Security

---

[1]The Joyce Firm represented some of the plaintiffs who had claims against EPS and other defendants. The Joyce Firm contends that EPS joined with the plaintiffs in attempting to show the other defendants, but not EPS, were liable to plaintiffs. Those plaintiffs' claims against EPS were deferred while claims were pursued against the other defendants. After the other defendants were successful in defeating liability, some plaintiffs succeeded on claims against EPS. The arbitration relates to Federal's excess coverage regarding the successful claims against EPS.

Life Ins. Co. of America, 228 F.3d 865, 871 (8th Cir. 2000);

American Fed'n of Television & Radio Artists, AFL-CIO v. WJBK-TV

(New World Commc'n of Detroit, Inc.), 164 F.3d 1004, 1010 (6th

Cir. 1999); Festus & Helen Stacy Found., Inc. v. Merrill Lynch,

Pierce Fenner, & Smith Inc., 432 F. Supp. 1375, 1379-80 (N.D.

Ga. 2006); American Fed'n of Gov't Employees Local 922 v.

Ashcroft, 354 F. Supp. 2d 909, 917 (E.D. Ark. 2003); Odfjell

Asa v. Celanese AG, 348 F. Supp. 2d 283 (S.D.N.Y. 2004), further

proceeding, 380 F. Supp. 2d 297 (S.D.N.Y. 2005), aff'd sub nom.,

Stolt-Nielsen SA v. Celanese AG, 430 F.3d 567 (2d Cir. 2005).

Since no objections to the subpoena have been raised with

the arbitration panel, enforcement of the subpoena will be

granted.  Enforcement, however, will be subject to further

rulings of the arbitration panel.  The Joyce Firm will have

30 days to comply with the subpoena.  In the meantime, if it so

desires, it may move before the arbitration panel to quash the

subpoena in whole or in part or it may move the arbitration panel

for further time to comply with the subpoena.

No opinion is expressed regarding the merits of the

subpoena nor whether any motion to quash that may be brought

before the arbitration panel at this time would be untimely or

considered to have been waived.  Neither is any opinion expressed

regarding whether the arbitration panel should extend any

discovery deadlines that may be necessary in order to complete

- 3 -

compliance with the subpoena.  Additionally, should further proceedings be brought before this court regarding enforcing the subpoena, the parties must address the issue of the appropriate standard of review to be applied to any arbitration panel rulings regarding the subpoena.

IT IS THEREFORE ORDERED that petitioner's motion to expedite production and enforce the subpoena [11] is granted in part and denied in part.  The Clerk of the Court is directed to enter judgment in favor of petitioner and against respondent enforcing the arbitration subpoena and requiring that respondent answer the subpoena within 30 days, subject to any further ruling of the arbitration panel.

ENTER:

_William T. Hort_

UNITED STATES DISTRICT JUDGE

DATED:  MARCH  13 , 2008

- 4 -

## THE AMERICAN ARBITRATION ASSOCIATION

FEDERAL INSURANCE COMPANY,      )
                                )
      Plaintiff,               )
                                )
v.                              )
                                )   AAA Number: 51-195-01043-04
EPS SOLUTIONS CORP. and         )
ENTERPRISE SOLUTIONS CORP.,     )
                                )
      Defendants.             )
                                )

## <u>RESPONSE TO BOLLINGER RUBERRY & GARVEY'S<br>MOTION TO COMPEL FORMELLER & BORCIA</u>

Federal Insurance Company ("Federal") responds to Bollinger Ruberry & Garvey's ("BRG") Motion to Compel non-parties Dan Formeller and James Borcia of the law firm Tressler Soderstrom Maloney & Priess to appear for deposition and to produce documents.

With respect to BRG's primary request that the Panel compel Formeller and Borcia to appear for depositions and to produce documents, Federal takes no position. Contrary to BRG's unsupported assertions, Federal does not "control" these witnesses, either "partially" or otherwise, and Federal is not empowered to either produce or refuse to produce them. As the Panel knows, Formeller and Borcia served as counsel for defendants Massey and Watts in the Underlying Matters and Federal merely paid certain defense costs under the Policy in connection with that representation.

Critically, Federal does object to BRG's request that the Panel "bar the witnesses from testifying" if, in BRG's words, they remain "recalcitrant." First, BRG offers absolutely no support for the proposition that a party should be barred from calling non-party witnesses at an arbitration hearing simply because the opposing party has not had an opportunity to

depose those witnesses.  Second, regarding BRG's statement as to the lack of response from the witnesses, Federal's counsel was copied on an email from Borcia to BRG's counsel today in which Borcia responded to BRG's subpoenas.  (A copy of the June 24, 2008 email from James Borcia to Anthony Barone is attached hereto as Exhibit 1.)  Again, the fact that Formeller and Borcia have refused to appear for deposition or to produce documents absent a court order should in no way affect Federal's ability to request that subpoenas be issued to those witnesses to appear at trial.[1]

**CONCLUSION**

As noted above, Federal takes no position with respect to BRG's primary request that the Panel compel Formeller and Borcia to appear for deposition and to produce documents. Federal asks that the Panel reject BRG's unfounded request that Federal should be precluded from calling non-party witness at trial who BRG may be unable to depose and are beyond Federal's control.

Dated: June 24, 2008                    By: _____
                                             One of Their Attorneys

Janet R. Davis
James H. Kallianis, Jr.
Anne L. Blume
Meckler Bulger & Tilson LLP
123 North Wacker Drive - Suite 1800
Chicago, IL 60606
(312) 474-7900

---

[1] With respect to BRG's citation to Judge Gettleman's opinion in Amgen Inc. v. Kidney Center of Delaware County, 879 F. Supp. 878 (N.D. Ill. 1995), Federal notes that case has no precedential value given the decision by the Seventh Circuit to remand the matter to the district court for it to consider whether it had subject matter jurisdiction and the Seventh Circuit's ultimate dismissal of the matter after the district determined that it lacked jurisdiction. Amgen Inc. v. Kidney Center of Delaware County, 95 F.3d 562 (7th Cir. 1995) (remanding matter); Amgen Inc. v. Kidney Center of Delaware County, 101 F.3d 110 (7th Cir. 1996) (dismissing matter following district court's determination that it lacked jurisdiction).

2

# EXHIBIT  1

## Kallianis, James H.

| | |
|---|---|
| **From:** | James K. Borcia [jborcia@tsmp.com] |
| **Sent:** | Tuesday, June 24, 2008 12:27 PM |
| **To:** | agbaronelaw@aol.com |
| **Cc:** | Dan R. Formeller; Beth Person; Kallianis, James H. |
| **Subject:** | RE: Federal v. EPS |

Tony -- This will respond to your inquiries relating to your subpoenas both for documents to my firm and depositions of both myself and Mr. Formeller.  For the reasons set forth in the attached article, absent a court order compelling us to do so we will not be producing documents or appearing for deposition.


http://www.jenner.com/files/tbl_s69NewsDocumentOrder/FileUpload500/2270/09_08_2003_Arbitration_Discovery.


-----Original Message-----
**From:** Beth Person [mailto:bperson@baronejenkins.com]
**Sent:** Tuesday, June 24, 2008 9:28 AM
**To:** james.kallianis@mbtlaw.com
**Cc:** Dan R. Formeller; James K. Borcia
**Subject:** Federal v. EPS

Gentlemen:

    Attached please find a Motion to Compel.

Beth Person
for Anthony Barone
Barone & Jenkins, P.C.
635 Butterfield Rd., Ste. 145
Oakbrook Terrace, IL  60181
bperson@baronejenkins.com
(630) 472-0037
(630) 472-0864


6/24/2008

# "Arbitrary Arbitration Discovery"

JENNER&BLOCK

By Jerold S. Solovy & Robert Byman                    September 8, 2003

If we had a nickel for every time we have heard a lawyer in an arbitration talk about the depositions he needs and intends to take – well, gosh, we would have an awful lot of nickels. And we would like to use that money to help pay for continuing legal education for those misguided folks who believe that pretrial depositions are God-given rights. You already know, of course, that different discovery rules apply in arbitration, but look around. Some of your colleagues do not have a clue about just how different arbitration rules can be. And as alternative dispute resolution becomes more common, we are going to have to be well versed in the differences.

Serving as arbitrators recently, we asked Croc O'Shea, a litigator with 30 years of experience and an equal number of associates working the case, "what discovery do you contemplate?" "Well," Croc crooned, "this is a very complicated case and I will need to take at least 12 depositions." Counsel for the respondents, Milt Oast, chimed in "well, I'm not sure we need to take any depositions, but I'm sure we can work out a schedule."

OK, timeout. O'Shea simply announced his plans to take 12 depositions, as though it was his perfect right. Oast did not have the wits to say "depositions? We don't need no stinkin' depositions." Put aside for a moment that those 12 depositions will cost Oast's client about $60,000 in legal fees. What if O'Shea wasn't simply churning his bill but actually needs those depositions to develop the evidence to prove his claim? What if those depositions made the difference between Oast's client winning or losing? Why did Oast agree to depositions? Probably because he did not know the rules.

## Arbitration: It's a Matter of Contract

Arbitration is a matter of contract, so the arbitrators will generally accept whatever the parties agree upon with respect to discovery. The parties are free to agree to apply the Federal Rules or the Kansas rules or the Koran. So, when O'Shea announced his intention to take 12 depositions – and Oast agreed – the arbitrators restrained their laugh reflex and let Oast hoist himself on O'Shea's petard.

"The popularity of arbitration rests in considerable part on its asserted efficiency and cost-effectiveness — characteristics said to be at odds with full-scale litigation in the courts, and especially at odds with the broad-ranging discovery made possible by the Federal Rules of Civil Procedure." *National Broadcasting Co., Inc. vs. Bear Stearns & Co., Inc.*, 165 F.3d 184 (2d Cir. 1999). We mean no disrespect to the federal rules. They are great rules. But they are rules designed for contests in which the defendants are unwilling participants and where the litigants often have disproportionate resources. By definition, participants in arbitrations are contracting parties who have agreed in advance to set streamlined rules for their potential disputes.

So most arbitration forums have streamlined rules. The American Arbitration Association Commercial Rules make no provision for interrogatories or depositions except in large, complex matters (claims over $500,000), where the arbitrator may exercise discretion "upon good cause shown consistent with the expedited nature of arbitration." (Rule L-4). Judicial Arbitration and Mediation Services (JAMS) Rules allow each party to take *one* deposition of the opposing party, with additional depositions at the discretion of the arbitrators. The NASD Rules provide that "necessary pre-hearing depositions consistent with the expedited nature of arbitration shall be available." (Rule 10213 (a)). The International Chamber Of Commerce Rules make no provision at all for depositions.

And even when the parties agree or the arbitrator is persuaded to order depositions, don't assume that you can compel non-parties to give discovery. You can take discovery of a non-party under the Federal Rules, because the Rules apply by law to all persons whether or not they are litigants. But non-parties have not agreed to follow arbitration rules.

The Federal Arbitration Act (FAA), 9 U.S.C. § 7, empowers arbitrators to summon "any person to attend before them or any of them

as a witness and in a proper case to bring with him or them any book, record, document or paper which may be deemed material as evidence indicates."

"Any person," not simply parties. But "attend before" the arbitrators, not pre-hearing discovery. Well, no problem; "the power of the panel to compel production of documents from third-parties for the purposes of the hearing implicitly authorizes the lesser power to compel such documents for arbitration purposes prior to hearing." *In the Matter of Arbitration between Security Life Insurance Company of America et all*, 228 F.3d 865, 870 (8th Cir. 2000)("implicit in an arbitration panel's power to subpoena relevant documents for production at a hearing is the power to order the production ·of relevant documents for review by a party prior to the hearing.").

But there is a difference between depositions and pre-hearing document production. "Documents are produced only once, whether it is at the arbitration or prior to it. Common sense encourages the production of documents prior to the hearing so that the parties can familiarize themselves with the content of the documents. Depositions, however, are quite different. The non-party may be required to appear twice – once for deposition and again and the hearing. . . . An arbitrator may not compel attendance of a non-party at a pre-hearing deposition." *In the Matter of the Arbitration between Integrity Insurance Co. v. American Centennial Insurance Co.*, 885 F. Supp. 69, 73 (S.D.N.Y. 1995).

And while the 8th Circuit believes that the FAA authorizes pre-hearing document production, the 4th Circuit does not. The "subpoena powers of an arbitrator are limited to those created by the express provisions of the FAA" and "nowhere does the FAA grant an arbitrator the authority to order non-

parties to appear at depositions, or the authority to demand non-parties provide the litigating parties with documents during pre-hearing discovery." *Comsat Corp. v. National Science Foundation*, 190 F.3d 269 (4th Cir. 1999). Well, not entirely. *Comsat* offered up a little dictum to flavor its opinion: "a party might, under unusual circumstances, petition the District Court to compel pre-arbitration discovery upon a showing of special need or hardship." *Id.* at 276. With all due respect to the 4th Circuit, Huh? Arbitrators don't have the power to order discovery, but the parties can petition a Court – which is not hearing the underlying case – to compel it anyway? Well, that is practical if not entirely logical. In *Hay Group, Inc. v. E.B.S, Acquisition Corp.*, 2003 U.S. Dist. Lexis 4909 (E.D. Pa. 2003), the court noted that if the 4th Circuit were right, if the FAA "is flexible enough to allow for pre-hearing production in a 'special need' situation, it is flexible enough to allow for pre-hearing production of documents when the arbitrators believe that it is appropriate without the federal court holding a hearing to determine 'special need . . . .'" So no need to go to court; the arbitrators have the power to order discovery.

**Some Courts Divide The Baby, Some Don't**

And while some courts have divided the discovery baby between document production and depositions, others have made no such distinction, finding that the FAA grants the implicit power to compel both testimony and documents prior to hearing. *Amgen Inc. v. Kidney Center of Delaware County, Ltd.*, 879 F. Supp. 878, 880 (N.D. Ill.1995).

OK, let's move on. Even if you convince your opponent and/or your arbitrator to issue a subpoena to a non-party, how do you enforce it? Well first, bluff. Serve the

subpoena; act as though compliance is expected, resistance is, as the Borg would say, futile. But what if your subpoena-ee tells you to obtain a hammer and hit sand?

A witness has no obligation to move to quash an arbitrator issued subpoena, since the FAA imposes no such requirement. *See Comsat Corp. v. National Science Foundation*, 190 F.3d 269, 276 (4th Cir. 1999). If the witness simply ignores the subpoena, you have to find a court to enforce it.

The FAA designates the court in which the arbitration is pending as the sole court with the power to enforce an arbitrator's subpoena. So if your arbitration is pending in Chicago, and you want to depose a non-party in Pennsylvania, you have to go to the Northern District of Illinois. Uh, huh. But the Chicago court can only enforce subpoenas to the same extent as under the Federal Rules– 100 miles. Hmm. In *Amgen Inc. v. Kidney Center of Delaware County, Ltd.*, 879 F. Supp. 878 (N.D. Ill.1995), on exactly that conundrum, Judge Gettleman came up with an elegant solution. Since Fed. R. Civ. P. 45(a)(3)(B) authorizes an attorney practicing in the court in which the trial is being held to issue a subpoena on behalf of the court for district in which a deposition is to take place, the attorney could issue a subpoena in Pennsylvania which could then be enforced by the court there.

One little problem. When the case got up to the 7th Cir., it was dismissed for lack of subject matter jurisdiction. The FAA grants the federal courts powers to assist arbitration only where the District Court would have jurisdiction over the underlying dispute. *Amgen Inc. v. Kidney Center of Delaware County, Ltd.*, 95 F.3d 562 (7th Cir.1996).

What? We made you wade through all of this stuff about the FAA only to tell you that the FAA may be irrelevant? Forgive us. A

2

**JENNER&BLOCK**

lot of commercial arbitration cases are going to meet federal jurisdictional standards; if they don't, more than 35 states have adopted the Uniform Arbitration Act and many which have not have not have their own statutes, all of which provide more or less corollary provisions so that a court, complete with gavels, bailiffs, sheriffs and other methods of enforcement, are provided unto you to enforce a subpoena if it is otherwise valid. *See, e.g.*, 710 ILCS 5/7.

Nothing about pre-hearing discovery in arbitration is quite so clear as the Croc O'Shea's of the world would have you believe. Don't be afraid to resist discovery in an arbitration; and don't assume, if it is you trying to take the discovery, that it will be easy.

★   ★   ★   ★   ★   ★   ★   ★   ★

Contacts:

**JEROLD S. SOLOVY**
Chairman of the Firm
Office: (312) 923-2671
Fax: (312) 840-7671
Email: jsolovy@jenner.com

**ROBERT L. BYMAN**
Partner
Office: (312) 923-2679
Fax: (312) 840-7679
Email: rbyman@jenner.com

This article first appeared in the September 8, 2003, edition of *The National Law Journal*.

3

**JENNER&BLOCK**

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused to be served a true and correct copy of Federal Insurance Company's Response to Bollinger Ruberry & Garvey's Motion to Compel Formeller & Barcia to the individuals below at their respective addresses on June 24, 2008:

**Via Email**

Mr. Alexander R. Domanskis
Boodell Domanskis & Saipe, LLC
205 N. Michigan Avenue, Suite 4307
Chicago, Illinois 60601
domanskis@boodlaw.com

**Via Email**

Mr. Richard S. Rhodes
125 South Wacker Drive
Suite 1700
Chicago, Illinois 60606
rsrhodes@hotmail.com

**Via Email**

Mr. Anthony G. Barone
Barone & Jenkins, P.C.
635 Butterfield Road
Suite 145
Oakbrook Terrace, IL 60181
AGBaronelaw@aol.com

**Via Email**

Mr. J. Timothy Eaton
Shefsky & Froelich, Ltd.
111 East Wacker Drive, Suite 2800
Chicago, IL 60601-3713
teaton@shefskylaw.com

**Via Email**

Ms. Carissa Langston
American Arbitration Association
Central Case Management Center
13455 Noel Road, Suite 1750
Dallas, Texas 75440
langstonC@adr.org

**Via Email**

Mr. James Borcia
Mr. Daniel Formeller
Tressler, Soderstrom, Malony & Priess, LLP
Sears Tower
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606
jborcia@tsmp.com

James H. Kallianis, Jr.

**Perry Shorris**
_____

From:          "Alison Miner" <alison.miner@brg-law.net>
To:            perry.shorris@brg-law.net
Date sent:     Fri, 27 Jun 2008 10:09:01 -0500
Subject:       (Fwd) Fwd: RE: Federal v. EPS
Priority:      normal


-------- Forwarded message follows -------
To:            alison.miner@brg-law.net
Subject:       Fwd: RE: Federal v. EPS
Date sent:     Fri, 27 Jun 2008 10:56:24 -0400
From:          agbaronelaw@aol.com


-----Original Message-----
From: Al Domanskis <domanskis@boodlaw.com>
To: Kallianis, James H. <james.kallianis@mbtlaw.com>;
teaton@shefskylaw.com; rsrhodes@hotmail.com; langstonC@adr.org;
AGBaronelaw@aol.com
Cc: Blume, Anne <Anne.Blume@mbtlaw.com>
Sent: Thu, 26 Jun 2008 2:38 pm
Subject: RE: Federal v. EPS

On behalf of the arbitrators and in order
to have the parties be able to proceed quickly in light of our
decision, our
decision on the Motion to Compel the Depositions and the Motion
Concerning the
Federal Rule 30(b)(6) designation is as follows:

Â        _


 With
     regard to the Motion to Compel the Depositions, Respondent
     should
petition
     the Court to enforce the subpoenas.Â If the Court determines
     that
the
     Arbitration Panel should decide this issue, then the Arbitration

Panel
     advises the parties that we would require the deposition or
     depositions(from our last prehearing conference Claimant advised

that one
     but not both of the witnesses from the law firm at issue would
     be
named as
     a possible witness) and the production of documents.Â

With
     regard to the Motion on the Federal Rule 30(b)(6) designation,
     it
appears



EXHIBIT
C
_____

as if the parties have worked this out and no order will be
issued.

 With
    regard to these matters only, discovery is extended beyond the
discovery
    cut-off date, and we urge the parties to complete this discovery

as soon
    as possible.Â  Â


Â


Alexander R. Domanskis

BoodellÂ & Domanskis, LLC

205 North Michigan Avenue

Suite 4307

Chicago, IL 60601

Phone: (312) 540-1075

Fax:Â Â Â Â  (312)
540-1162

e-mail:Â  domanskis@boodlaw.com

Â

CIRCULAR 230 DISCLAIMER: ANY ADVICE CONTAINED IN
THIS COMMUNICATION IS NOT INTENDED OR WRITTEN TO BE USED, AND IT
CANNOT BE USED BY ANY TAXPAYER, FOR THE PURPOSE OF AVOIDING PENALTIES THAT
MAY BE IMPOSED ON THE TAXPAYER.

Â

THIS COMMUNICATION IS INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO
WHOM IT IS DIRECTED. IT MAY CONTAIN INFORMATION THAT IS PRIVILEGED,
CONFIDENTIAL OR OTHERWISE EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.
DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION BY ANYONE
OTHER THAN THE INTENDED RECIPIENT, OR A DULY DESIGNATED EMPLOYEE OR AGENT
OF SUCH RECIPIENT, IS PROHIBITED. IF YOU ARE NOT THE INTENDED RECIPIENT,
PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND PERMANENTLY DELETE THIS
COMMUNICATION AND ANY ATTACHMENTS. THANK YOU.

Â

Â

Â


------- End of forwarded message -------

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


FEDERAL INSURANCE COMPANY,          )
                                    )
                    Petitioner,     )
                                    )
        v.                          )     No. 08 C 0431
                                    )
THE LAW OFFICES OF                  )
EDWARD T. JOYCE, P.C.,              )
                                    )
                    Respondent.     )


## OPINION AND ORDER


In this case, Federal Insurance Company ("Federal") seeks to enforce a discovery subpoena that an arbitration panel issued to the Law Offices of Edward T. Joyce, P.C. (the "Joyce Firm"). The Joyce Firm is not a party to the arbitration.  The arbitration concerns Federal's duty to defend EPS Solutions Corp. and Enterprise Profit Solutions Corp. (jointly "EPS").  The Joyce Firm represented other parties in litigation in which EPS was involved.  A defense raised by Federal in the arbitration is that coverage was precluded based on collusive-type conduct or the underlying action being an "insured versus insured" claim.



EXHIBIT
D

Resolution of the pending petition does not necessitate detailing the underlying circumstances.[1]

This court has diversity jurisdiction over the Federal/EPS arbitration. Federal is an Indiana corporation with its principal place of business in New Jersey and the opposing parties are Illinois residents. The matter in controversy exceeds $75,000. The court has authority to enforce a subpoena pursuant to the Federal Arbitration Act, 9 U.S.C. § 7.

The Joyce Firm does not dispute that this court has jurisdiction over the subpoena matter. It also does not dispute that an arbitration subpoena for documents may be enforced as against a non-party to the arbitration. Instead, the Joyce Firm contends the subpoena should not be enforced because it seeks irrelevant materials and some privileged documents, is overbroad, and should have been pursued earlier in the arbitration discovery process. All of these contentions, however, should be raised with the arbitration panel. They are not issues that should be decided by a court in the first instance. See In re Security

---

[1]The Joyce Firm represented some of the plaintiffs who had claims against EPS and other defendants. The Joyce Firm contends that EPS joined with the plaintiffs in attempting to show the other defendants, but not EPS, were liable to plaintiffs. Those plaintiffs' claims against EPS were deferred while claims were pursued against the other defendants. After the other defendants were successful in defeating liability, some plaintiffs succeeded on claims against EPS. The arbitration relates to Federal's excess coverage regarding the successful claims against EPS.

Life Ins. Co. of America, 228 F.3d 865, 871 (8th Cir. 2000);

American Fed'n of Television & Radio Artists, AFL-CIO v. WJBK-TV

(New World Commc'n of Detroit, Inc.), 164 F.3d 1004, 1010 (6th

Cir. 1999); Festus & Helen Stacy Found., Inc. v. Merrill Lynch,

Pierce Fenner, & Smith Inc., 432 F. Supp. 2d 1375, 1379-80 (N.D.

Ga. 2006); American Fed'n of Gov't Employees Local 922 v.

Ashcroft, 354 F. Supp. 2d 909. 917 (E.D. Ark. 2003); Odfjell

Asa v. Celanese AG, 348 F. Supp. 2d 283 (S.D.N.Y. 2004), further

proceeding, 380 F. Supp. 2d 297 (S.D.N.Y. 2005), aff'd sub nom.,

Stolt-Nielsen SA v. Celanese AG, 430 F.3d 567 (2d Cir. 2005).

Since no objections to the subpoena have been raised with
the arbitration panel, enforcement of the subpoena will be
granted.  Enforcement, however, will be subject to further
rulings of the arbitration panel.  The Joyce Firm will have
30 days to comply with the subpoena.  In the meantime, if it so
desires, it may move before the arbitration panel to quash the
subpoena in whole or in part or it may move the arbitration panel
for further time to comply with the subpoena.

No opinion is expressed regarding the merits of the
subpoena nor whether any motion to quash that may be brought
before the arbitration panel at this time would be untimely or
considered to have been waived.  Neither is any opinion expressed
regarding whether the arbitration panel should extend any
discovery deadlines that may be necessary in order to complete

- 3 -

compliance with the subpoena.  Additionally, should further
proceedings be brought before this court regarding enforcing the
subpoena, the parties must address the issue of the appropriate
standard of review to be applied to any arbitration panel rulings
regarding the subpoena.

IT IS THEREFORE ORDERED that petitioner's motion to
expedite production and enforce the subpoena [11] is granted in
part and denied in part.  The Clerk of the Court is directed to
enter judgment in favor of petitioner and against respondent
enforcing the arbitration subpoena and requiring that respondent
answer the subpoena within 30 days, subject to any further ruling
of the arbitration panel.

ENTER:

_William T. Hort_

UNITED STATES DISTRICT JUDGE

DATED:  MARCH  13 , 2008

- 4 -