IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOLLINGER, RUBERRY & GARVEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 1:08-CV-3698 |
| ) | |
| DAN FORMELLER and JAMES BORCIA, ) | |
| ) | |
| Respondents. ) | |

**BOLLINGER, RUBERRY & GARVEY'S EMERGENCY MOTION FOR REASSIGNMENT OF CASE NO 1:08-CV-3795 TO THIS COURT AS A CASE RELATED TO CASE NO 1:08-CV-3698**

NOW COMES Bollinger, Ruberry & Garvey ("BRG"), by and through its attorneys, and for its Emergency Motion to Reassign Case No. 1:08-CV-3795 to this Court as a Case Related to Case No. 1:08-CV-3698, states as follows:

1.  Case No. 1:08-CV-3795 was filed on July 2, 2008 and is presently pending in the United States District Court for the Northern District of Illinois, Eastern Division, before Judge Kendall.  See Higher Numbered Complaint, attached hereto as Exhibit A.  Case No. 1:08-CV-3795 involves the enforcement of subpoenas issued by an arbitration panel in a presently pending arbitration pursuant to 9 U.S.C. § 7.

2.  Case No. 1:08-CV-3698 was filed on June 27, 2008 and is also presently pending in the United States District Court for the Northern District of Illinois, Eastern Division, before Judge Zagel.  See Lowered Numbered Amended Complaint, attached hereto as Exhibit B.  Similarly, this case also involves the enforcement of subpoenas issued in the same pending arbitration pursuant to 9 U.S.C. § 7.

3.  Pursuant to Local Rule 40.4, "a case may be reassigned to the calendar of another judge

1

if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria [are] met:"

> (1) both cases are pending in this Court;
> (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
> (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
> (4) the cases are susceptible of disposition in a single proceeding.

4. Two cases are deemed "related" if those "cases involve some of the same issues of fact or law . . . [or] grow out of the same transaction or occurrence." LR 40.4(a)(2) & (3). As Judge Kocoras has recognized, "two cases need not be absolutely identical to be related for purposes of LR 40.4. [Citation] If some of the same issues of fact or law are common, that can be sufficient to establish relatedness." *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, 2008 U.S. Dist. LEXIS 33296, *9 (N.D. Ill. Apr. 23, 2008).

5. Case Nos. 1:08-CV-3795 and 1:08-CV-3698 (collectively the "Subpoena Cases") "involve the same issues of fact or law" and "grow out of the same transaction or occurrence" since both cases arise out of a single arbitration presently pending before the American Arbitration Association involving BRG, Federal Insurance Company, EPS Solutions Corp. and Enterprise Profit Solutions Corp. (collectively "EPS").

6. In the arbitration, EPS timely forwarded to the Panel deposition and document subpoenas. The panel then issued those subpoenas to the defendants in both of the Subpoena Cases. Since that date, all four defendants have refused to comply with the subpoenas, yet have not entered any formal objection to the panel in the Arbitration or to any court.

7. In both of the Subpoena Cases, BRG seeks to have this Court enforce the subject subpoenas pursuant to Federal Arbitration Act, 9 U.S.C. § 7, which grants federal courts the authority

to enforce subpoenas in connection with arbitration proceedings in the American Arbitration Association. Thus, in both Subpoena Cases, this Court would face fundamentally similar fact and legal issues with respect to the enforcement of the subpoenas in light of all of the defendants' failure to raise any formal objections.

8. Additionally, the following criteria set forth in LR 40.4(b) are also satisfied:

    a.    **Both cases are pending in this Court.**

Both of the Subpoena Cases are presently pending in the United States District Court for the Northern District of Illinois, Eastern Division. Thus, this requirement is satisfied.

    b.    **The handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort.**

Reassignment will avoid the unnecessary duplication that would result if two Judges and their respective administrative staffs were to handle what, in all actuality, is a single case, since the issues in both of these cases arise out of the same pending arbitration. Furthermore, both of these cases involve the application of the same issues of fact and law: whether the Court should compel compliance with EPS' subpoenas in light of all four defendants' refusal to comply and failure to raise any formal objections. Thus, due to the fundamentally similar nature of the claims and defenses that will be presented in both of these cases, all of the parties will likely submit the same, or similar, evidence and arguments for the Court's consideration. Consequently, the handling of these two cases by a single Judge will result in a substantial saving of judicial time and effort since both cases involve the application of the same issues of fact and law arising out of a single pending arbitration.

    c.    **The earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially.**

Since Case No. 1:08-CV-3698 was filed on June 27, 2008, and the Court has not made any

substantive rulings to date, this case has not progressed to the point where a designation of Case No. 1:08-CV-3795 as "related" would delay the proceedings in Case No. 1:08-CV-3698 in any manner, substantial or otherwise. Thus, this requirement is satisfied.

### d. The cases are susceptible of disposition in a single proceeding.

The Subpoena Cases are susceptible to disposition in a single proceeding since both of these cases involve fundamentally similar, if not identical, claims and defenses that arise out of the same pending arbitration. Furthermore, both of these cases involve a single overriding issue: whether the court should compel compliance with EPS' subpoenas in light of all four defendants' refusal to comply and failure to raise any formal objections. Consequently, both of these cases are amenable to a disposition in a single unified proceeding. Thus, this requirement is satisfied.

9. Reassignment under LR 40.4 is appropriate since the Subpoena Cases are "related" as they "involve the same issues of fact or law" and "grow out of the same transaction or occurrence," and, as well, since all of additional criteria set forth in LR 40.4 are satisfied.

WHEREFORE, BRG respectfully requests this Honorable Court grant its motion and issue an Order finding that the requirements of LR 40.4 have been satisfied and reassignment of Case No. 1:08-CV-3795 to this Court is proper.

        Respectfully submitted,

        **BOLLINGER, RUBERRY & GARVEY**

        <u>  /s/ Anthony G. Barone  </u>
        One of its attorneys

Anthony G. Barone
Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrace, Illinois  60181
(630) 472-0037 (telephone)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOLLINGER, RUBERRY & GARVEY,<br><br>　　　　Petitioner,<br><br>v.<br><br>PHILADELPHIA INSURANCE COMPANY and<br>FIREMAN'S FUND INSURANCE COMPANY<br><br>　　　　Respondents. | )<br>)<br>)<br>)<br>)<br>)　Case No.: 1:08-CV-3795<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COMES Bollinger, Ruberry & Garvey ("BRG"), by and through its attorneys, and for its Complaint, states as follows:

### I.   PARTIES AND JURISDICTION

1. BRG is an Illinois partnership with its principal place of business in Chicago, Illinois.

2. Philadelphia Insurance Company ("PIC") is a Pennsylvania corporation with its principal place of business in Pennsylvania.

3. Fireman's Fund Insurance Company ("FFIC") is a California corporation with its principal place of business in California.

4. This Court has jurisdiction in this litigation pursuant to the Federal Arbitration Act, 9 U.S.C. § 7, which grants federal courts the authority to enforce subpoenas in connection with arbitration proceedings in the American Arbitration Association.

### II.   BACKGROUND

5. BRG is presently involved in an arbitration proceeding with Federal Insurance Company ("Federal"), EPS Solutions Corp. and Enterprise Profit Solutions Corp. (collectively, "EPS") pending in the American Arbitration Association (the "Arbitration") in which Federal

EXHIBIT A

seeks a declaration regarding its rights and obligations under the policy of insurance that it issued to EPS.

6. A substantial portion of the arbitration involves the issue of whether Federal has a duty to pay BRG for fees and expenses incurred in the course of BRG's representation of EPS in various underlying actions.

7. EPS timely forwarded to the Panel subpoenas to PIC and FFIC to produce certain documents. Copies of said subpoenas are attached hereto as Exhibit "A".

8. PIC was served with the instant subpoena on June 3, 2008. See Certified Mail Receipt, attached hereto as Exhibit "B".

9. FFIC was served with the instant subpoena on June 2, 2008. See Certified Mail Receipt, attached hereto as Exhibit "C".

10. Since that date, PIC and FFIC have refused to comply with the subpoenas, yet have not entered any formal objection to the panel in the Arbitration or to any court.

11. BRG brings this matter on an emergency basis because discovery ends June 30, 2008, and trial is set for July 28, 2008. In light of the imminent trial, these documents must be produced as soon as possible.

### III.    PRIOR RULING BY JUDGE HART

12. In connection with the Arbitration, Federal previously filed in the United States District Court for the Northern Illinois a Motion for Expedited Production and Enforcement of an Arbitration Subpoena in an action entitled, *Federal Insurance Company v. Edward T. Joyce Firm, P.C.*, Case No. 1:08-cv-00431 ("Joyce Action"). The Joyce Action grew out of the same Arbitration at issue in this Emergency Petition.

13. Judge Hart issued and Opinion and Order in the Joyce Action finding that this

Court had subject matter jurisdiction and that the arbitration subpoena issued to a non-party was enforceable by this Court. Judge Hart specifically found: "Since no objections to the subpoena have been raised with the arbitration panel, enforcement of the subpoena will be granted." A copy of Judge Hart's Opinion and Order is attached hereto as Exhibit "D".

### IV.    THE SUBPOENAS SHOULD BE ENFORCED

14.    PIC and FFIC have not raised any objections to the subpoenas with the arbitration panel. Based on Judge Hart's prior ruling in the Joyce Action, this absence of any objections by Respondents should result in enforcement of the subpoena.

15.    The Seventh Circuit has recognized that a federal court has the authority to enforce compliance with subpoenas issued by an arbitration panel under 9 U.S.C. § 7. *Teamsters Nat'l Auto. Transporters Industry Negotiating Committee v. Troha*, 328 F.3d 325, 330-331 (7th Cir. 2003).

16.    In the case of *Amgen, Inc. v. Kidney Center of Delware County*, 879 F.Supp. 878 (N.D. Ill. 1993), *dismissed on other grounds*, 1996 U.S. App. LEXIS 28250 (7th Cir. Oct. 28, 1996)[1], Judge Gettleman found that "implicit in the power to compel testimony and documents for the purpose of a hearing [in an arbitration] is the lesser power to compel such testimony and documents for purposes prior to hearing." *Amgen*, 879 F.Supp. at 880, citing *Meadows Indemnity Co., Ltd. v. Nutmeg Ins. Co.*, 157 F.R.D. 42 (M.D. Tenn. 1994).

17.    Based on the foregoing, this Court should enforce the subpoenas and compel the production of documents by PIC and FFIC.

18.    In the alternative, this Court should direct the panel in the Arbitration to enforce

---

[1] The Seventh Circuit remanded the matter to the district court for the purpose of determining whether subject matter jurisdiction existed, but did not address the substantive merits or overturn the substantive ruling of the district court in *Amgen*. The district court later determined that subject matter jurisdiction was lacking, but the Seventh Circuit never repudiated Judge Gettleman's substantive finding. *See Amgen, Inc. v. Kidney Center of Delware County*,

the subpoenas and compel the production of documents by PIC and FFIC.

WHEREFORE, BRG asks this Honorable Court to issue an Order either:

A.  Compelling PIC and FFIC to produce the subpoenaed documents; or, in the alternative;

B.  Direct the panel in the Arbitration to enforce the subpoenas and compel PIC and FFIC to produce the subpoenaed documents.

Respectfully submitted,

**BOLLINGER, RUBERRY & GARVEY**

/s/ Anthony G. Barone
One of its attorneys

Anthony G. Barone
Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrace, Illinois 60181
(630) 472-0037 (telephone)

---

1996 U.S. App. LEXIS 28250 (7th Cir. Oct. 28,,1996).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOLLINGER, RUBERRY & GARVEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 1:08-CV-3698 |
| ) | |
| DAN FORMELLER and JAMES BORCIA, ) | |
| ) | |
| Respondents. ) | |

## AMENDED COMPLAINT

NOW COMES Bollinger, Ruberry & Garvey ("BRG"), by and through its attorneys, and for its Amended Complaint, states as follows:

### I. PARTIES AND JURISDICTION

1. BRG is an Illinois partnership with its principal place of business in Chicago, Illinois.

2. Dan Formeller is a citizen of Illinois practicing law in Illinois.

3. James Borcia is a citizen of Illinois practicing law in Illinois.

4. This Court has jurisdiction in this litigation pursuant to the Federal Arbitration Act, 9 U.S.C. § 7, which grants federal courts the authority to enforce subpoenas in connection with arbitration proceedings in the American Arbitration Association.

### II. BACKGROUND

6. BRG is presently involved in an arbitration proceeding with Federal Insurance Company ("Federal"), EPS Solutions Corp. and Enterprise Profit Solutions Corp. (collectively, "EPS") pending in the American Arbitration Association (the "Arbitration") in which Federal seeks a declaration regarding its rights and obligations under the policy of insurance that it issued to EPS.

1


EXHIBIT B

7. A substantial portion of the arbitration involves the issue of whether Federal has a duty to pay BRG for fees and expenses incurred in the course of BRG's representation of EPS in various underlying actions.

8. In the course of the arbitration, Federal has advised that it plans to call both Dan Formeller and James Borcia of Tressler Soderstrom Maloney & Priess to testify at the arbitration.

9. In its disclosure, Federal stated that Borcia and Formeller will testify on a number of subjects, including "the defense of Chris Massey and Eric Watts in the Underlying Matters, discovery conducted in the Affirmative Case and Underlying Matters…and his observations regarding EPS' prosecution of the Affirmative Case and Underlying Matters."

10. After receiving these disclosures, EPS in a timely manner, forwarded to the Panel subpoenas to both Formeller and Borcia to testify on June 26, 2008 and to produce certain documents. Copies of said subpoenas are attached hereto as Exhibit "A."

11. Since that date, Formeller and Borcia have refused to comply with the subpoenas, yet have not entered any formal objection to the panel in the Arbitration or to any court.

12. BRG timely filed a Motion to Compel in the Arbitration. Formeller and Borcia did not submit any briefs or objections in response.

13. Federal filed a Response, stating:

> With respect to BRG's primary request that the Panel compel Formeller and Borcia to appear for depositions and to produce documents, Federal takes no position.

A copy of Federal's Response is attached hereto as Exhibit "B."

14. The panel in the Arbitration ruled via e-mail on June 26, 2008 as follows:

> On behalf of the arbitrators and in order to have the parties be able to *proceed quickly* in light of our decision, our decision on the Motion to Compel the Depositions…is as follows:

>With regard to the Motion to Compel the Depositions, Respondent [BRG] should petition the Court to enforce the subpoenas. If the Court determines that the Arbitration Panel should decide this issue, then the Arbitration Panel advises the parties that we would require the deposition or depositions (from our last prehearing conference Claimant advised that one but not both of the witnesses from the law firm at issue would be named as a possible witness) and the production of documents. [Emphasis added].

A copy of the ruling is attached hereto as Exhibit "C."

15. BRG brings this matter on an emergency basis because discovery ends June 30, 2008, and trial is set for July 28, 2008. In light of the imminent trial, these depositions must proceed as soon as possible.

### III.  PRIOR RULING BY JUDGE HART

16. In connection with the Arbitration, Federal previously filed in the United States District Court for the Northern Illinois a Motion for Expedited Production and Enforcement of an Arbitration Subpoena in an action entitled, *Federal Insurance Company v. Edward T. Joyce Firm, P.C.*, Case No. 1:08-cv-00431 ("Joyce Action"). The Joyce Action grew out of the same Arbitration at issue in this Emergency Petition.

17. Judge Hart issued and Opinion and Order in the Joyce Action finding that this Court had subject matter jurisdiction and that the arbitration subpoena issued to a non-party was enforceable by this Court. Judge Hart specifically found: "Since no objections to the subpoena have been raised with the arbitration panel, enforcement of the subpoena will be granted." A copy of Judge Hart's Opinion and Order is attached hereto as Exhibit "D."

### IV.  THE SUBPOENAS SHOULD BE ENFORCED

18. Formeller and Borcia have not raised any objections to the subpoenas with the arbitration panel. Based on Judge Hart's prior ruling in the Joyce Action, this absence of any objections by Respondents should result in enforcement of the subpoena.

3

19.     In the case of *Amgen, Inc. v. Kidney Center of Delware County*, 879 F.Supp. 878 (N.D.Ill. 1993), *dismissed on other grounds*, 1996 U.S. App. LEXIS 28250 (7th Cir. Oct. 28, 1996)[1], Judge Gettleman found that "implicit in the power to compel testimony and documents for the purpose of a hearing [in an arbitration] is the lesser power to compel such testimony and documents for purposes prior to hearing." *Amgen*, 879 F.Supp. at 880, *citing Meadows Indemnity Co., Ltd. v. Nutmeg Ins. Co.*, 157 F.R.D. 42 (M.D.Tenn. 1994).

20.     Based on the foregoing, this Court should enforce the subpoenas and compel the production of documents by, and depositions of, Formeller and Borcia.

21.     In the alternative, this Court should direct the panel in the Arbitration to enforce the subpoenas and compel the production of documents by, and depositions of, Formeller and Borcia.

WHEREFORE, BRG asks this Honorable Court to issue an Order either:

A.  Compelling Formeller and Borcia to appear for their depositions and to produce the subpoenaed documents; or, in the alternative;

B.  Direct the panel in the Arbitration to enforce the subpoenas and compel Formeller and Borcia to appear for their depositions and to produce the subpoenaed documents.

Respectfully submitted,

**BOLLINGER, RUBERRY & GARVEY**

/s/ Perry M. Shorris

---

[1] The Seventh Circuit remanded the matter to the district court for the purpose of determining whether subject matter jurisdiction existed, but did not address the substantive merits or overturn the substantive ruling of the district court in *Amgen*. The district court later determined that subject matter jurisdiction was lacking, but the Seventh Circuit never repudiated Judge Gettleman's substantive finding. *See Amgen, Inc. v. Kidney Center of Delware County*, 1996 U.S. App. LEXIS 28250 (7th Cir. Oct. 28,,1996).

One of its attorneys

Edward F. Ruberry
Perry M. Shorris
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street
Suite 2300
Chicago, Illinois 60661
(312) 466-8000 (telephone)
(312) 466-8001 (fax)

Anthony G. Barone
Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrace, Illinois 60181
(630) 472-0037 (telephone)