IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOLLINGER, RUBERRY & GARVEY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> PHILADELPHIA INSURANCE COMPANY and ) <br> FIREMAN'S FUND INSURANCE COMPANY ) <br> ) <br> Respondents. ) <br> _____) | Case No.: 1:08-CV-3795 <br><br> Reassigned to Judge Zagel <br><br> FILED IN CASE # <br> 1:08-CV-3698 |

### BOLLINGER, RUBERRY & GARVEY'S EMERGENCY MOTION TO COMPEL COMPLIANCE WITH AND/OR ENFORCEMENT OF SUBPOENA TO PHILADELPHIA INSURANCE COMPANY

NOW COMES Bollinger, Ruberry & Garvey ("BRG"), by and through its attorneys, and for its Emergency Motion to Compel Compliance with and/or Enforcement of Subpoena to Philadelphia Insurance Company ("PIC"), states as follows:

### REASSIGNMENT TO JUDGE ZAGEL

1. On July 8, 2008, Judge Zagel granted BRG's Motion for Reassignment of Case No. 1:08-CV-3795 as a case related to Case No. 1:08-CV-3698. To date, the ECF Court File still reflects the case is before Judge Kendall and, therefore, BRG files this Motion in 1:08-CV-3698.

### I.   PARTIES AND JURISDICTION

2. BRG is an Illinois partnership with its principal place of business in Chicago, Illinois.

3. PIC is a Pennsylvania corporation with its principal place of business in Pennsylvania.

4. This Court has jurisdiction in this litigation pursuant to the Federal Arbitration Act, 9 U.S.C. § 7, which grants federal courts the authority to enforce subpoenas in connection with arbitration proceedings in the American Arbitration Association.

1

## II. BACKGROUND

5. BRG is presently involved in an arbitration proceeding with Federal Insurance Company ("Federal"), EPS Solutions Corp. and Enterprise Profit Solutions Corp. (collectively, "EPS") pending in the American Arbitration Association (the "Arbitration") in which Federal seeks a declaration regarding its rights and obligations under the policy of insurance that it issued to EPS.

6. A substantial portion of the arbitration involves the issue of whether Federal has a duty to pay BRG for fees and expenses incurred in the course of BRG's representation of EPS in various underlying actions.

7. EPS timely forwarded to the Panel subpoenas to PIC to produce certain documents. Copies of said subpoena is attached hereto as Exhibit "A".

8. PIC was served with the instant subpoena on June 3, 2008. See Certified Mail Receipt, attached hereto as Exhibit "B".

9. Since that date, PIC has refused to comply with the subpoena, yet has not entered any formal objection to the panel in the Arbitration or to any court.

10. BRG brings this matter on an emergency basis because discovery ends June 30, 2008, and trial is set for July 28, 2008. In light of the imminent trial, these documents must be produced as soon as possible.

## III. PRIOR RULING BY JUDGE HART

11. In connection with the Arbitration, Federal previously filed in the United States District Court for the Northern Illinois a Motion for Expedited Production and Enforcement of an Arbitration Subpoena in an action entitled, *Federal Insurance Company v. Edward T. Joyce Firm, P.C.*, Case No. 1:08-cv-00431 ("Joyce Action"). The Joyce Action grew out of the same

Arbitration at issue in this Emergency Petition.

12. Judge Hart issued and Opinion and Order in the Joyce Action finding that this Court had subject matter jurisdiction and that the arbitration subpoena issued to a non-party was enforceable by this Court. Judge Hart specifically found: "Since no objections to the subpoena have been raised with the arbitration panel, enforcement of the subpoena will be granted." A copy of Judge Hart's Opinion and Order is attached hereto as Exhibit "C".

### IV.     THE SUBPOENA SHOULD BE ENFORCED

13. PIC has not raised any objections to the subpoena with the arbitration panel. Based on Judge Hart's prior ruling in the Joyce Action, this absence of any objections by Respondents should result in enforcement of the subpoena.

14. The Seventh Circuit has recognized that a federal court has the authority to enforce compliance with subpoenas issued by an arbitration panel under 9 U.S.C. § 7. *Teamsters Nat'l Auto. Transporters Industry Negotiating Committee v. Troha*, 328 F.3d 325, 330-331 (7th Cir. 2003).

15. In the case of *Amgen, Inc. v. Kidney Center of Delware County*, 879 F.Supp. 878 (N.D. Ill. 1993), *dismissed on other grounds*, 1996 U.S. App. LEXIS 28250 (7th Cir. Oct. 28, 1996)[1], Judge Gettleman found that "implicit in the power to compel testimony and documents for the purpose of a hearing [in an arbitration] is the lesser power to compel such testimony and documents for purposes prior to hearing." *Amgen*, 879 F.Supp. at 880, *citing Meadows Indemnity Co., Ltd. v. Nutmeg Ins. Co.*, 157 F.R.D. 42 (M.D. Tenn. 1994).

16. Based on the foregoing, this Court should enforce the subpoena and compel the

---

[1] The Seventh Circuit remanded the matter to the district court for the purpose of determining whether subject matter jurisdiction existed, but did not address the substantive merits or overturn the substantive ruling of the district court in *Amgen*. The district court later determined that subject matter jurisdiction was lacking, but the Seventh Circuit never repudiated Judge Gettleman's substantive finding. *See Amgen, Inc. v. Kidney Center of Delware County*,

production of documents by PIC.

      17.    In the alternative, this Court should direct the panel in the Arbitration to enforce the subpoena and compel the production of documents by PIC.

WHEREFORE, BRG asks this Honorable Court to issue an Order either:

    A.    Compelling PIC to produce the subpoenaed documents; or, in the alternative;

    B.    Direct the panel in the Arbitration to enforce the subpoena and compel PIC to produce the subpoenaed documents.

Respectfully submitted,

**BOLLINGER, RUBERRY & GARVEY**

       /s/ Perry M. Shorris
       One of its attorneys

Edward F. Ruberry
Perry M. Shorris
BOLLINGER, RUBERRY & GARVEY
500 West Madison Street
Suite 2300
Chicago, Illinois 60661
(312) 466-8000 (telephone)
(312) 466-8001 (fax)

Anthony G. Barone
Barone & Jenkins, P.C.
635 Butterfield Road, Suite 145
Oakbrook Terrace, Illinois  60181
(630) 472-0037 (telephone)

---

1996 U.S. App. LEXIS 28250 (7th Cir. Oct. 28,,1996).

BEFORE THE
AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) AAA Number: 51-195-01043-04 |
| | ) |
| EPS SOLUTIONS CORPORATION | ) |
| and ENTERPRISE PROFIT | ) |
| SOLUTIONS CORPORATION, | ) |
| | ) |
| Defendants. | ) |

SUBPOENA *DUCES TECUM*

To:   Custodian of Records
      Philadelphia Insurance Company
      One Bala Plaza, Ste. 100
      Bala Cynwyd, PA 19004

WE COMMAND YOU that you and produce and permit inspection, copying, testing, or sampling of documents, books, files, records, electronically stored information, or tangible things in your possession, custody or control as detailed and explained in the attached Rider to Subpoena *Duces Tecum*, within 21 business days, at your place of business, at a time to be agreed upon with the attorneys for Bollinger, Ruberry & Garvey.

Signed: _____
                        Arbitrator

Requested by:

Attorneys for Bollinger, Ruberry & Garvey
Anthony G. Barone
David M. Jenkins
Barone & Jenkins, P.C.
635 Butterfield Rd., Ste. 145
Oakbrook Terrace, IL  60181
(630) 472-0037
Atty. No. 06196315
Dated: May 28, 2008



EXHIBIT A

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, certifies that I caused a copy of Bollinger, Ruberry & Garvey's Subpoena *Duces Tecum* to be served on the following via Certified Mail/Return Receipt Requested:

>Custodian of Records
>Philadelphia Insurance Company
>One Bala Plaza, Ste. 100
>Bala Cynwyd, PA 19004

this 30th day of May, 2008.

*Elizabeth A. Purson*

BEFORE THE
AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) AAA Number: 51-195-01043-04 ) |
| EPS SOLUTIONS CORPORATION and ENTERPRISE PROFIT SOLUTIONS CORPORATION, | ) ) ) ) |
| Defendants. | ) ) |

### RIDER TO SUBPOENA *DUCES TECUM*

**INSTRUCTIONS**

1. If any documents are withheld from production under a claim of privilege or other exemption from discovery, the party asserting privilege or other exemption must furnish a list signed by one of its attorneys identifying each document withheld and the information required under the Federal Rules of Civil Procedure for the assertion of any such privilege or exemption.

**DEFINITIONS**

1. "EPS" refers to EPS Solutions Corp. and Enterprise Profit Solutions Corp., their agents, employees, officers, directors, attorneys and all persons either acting or purporting to act on its behalf, whether presently or formerly.

2. "Federal" refers to the Federal Insurance Company.

3. "You" or "your" refers to Philadelphia Insurance Company

4. "EPS Related Litigation" refers to any of the following:

a. *EPS Solutions Corporation v. Deloitte & Touche and Jefferies & Company;*

b. *James Holden and Christine Holden v. Deloitte & Touche, Jefferies & Company, Jeffery Weinhuff, Christopher P. Massey, EPS Solutions Corporation and Enterprise Profit Solutions;*

c. *TTR Enterprises, Inc., Timm T. Runnion, John Ferris, David Spier, James P. Wadley, Dennis J. Donovan, K. John Gutshaw, William A. Frederick and Kathleen S. Burdorf v. Deloitte & Touche, LLP, EPS Solutions Corporation, and Enterprise Profit Solutions, Christopher P. Massey, Erik R. Watts, Mark C. Coleman, Jefferies & Company, Jeffrey Weinhuff, David Losito and Gibson, Dunn & Crutcher, LLP;*

d. *Horowitz Limited Partnership I v. Deloitte & Touche, LLP, EPS Solutions Corporation, and Enterprise Profit Solutions, Massey and Does 1 through 40;*

e. the lawsuits filed in the United States District Court for the Northern District of Illinois against Deloitte & Touche, Massey, Watts, Jefferies & Company, Jeffrey Weinhuff, and others, and in one of the cases, that brought by claimant Shoecraft, in which the EPS entities were named as defendants, and all subsequent arbitration proceedings;

f. *Christopher W. Gould, individually and as assignee of the interests of The Industrial Bank of Japan, Limited and IBJ Leasing Co., Ltd.; Barry P. Boothe; Donald W. Smiegiel; Harold J. Pertel; James S. Godry; Luke P. Bowes; Daniel Lavin; William M. Shore; Sue K. Waterhouse; Howard K. Weber; The McCully/Lueke Family*

*Trust - - 1996, Robert A. McCully and Paulette A. Lueke, Trustees v. Deloitte & Touche, LLP; Christopher P. Massey; Jefferies & Company; and, Jeffry Weinhuff;* and

g.  *Conrad P. Lee and the other claimants listed on Appendix A. v. EPS Solutions Corporation and Enterprise Profit Solutions Corporation.*

5.  The terms "document" or "documents" as used herein shall have the broadest possible meaning pursuant to the Federal Rules of Civil Procedure including, but not limited to, the original and all drafts of all written or graphic matter, however, produced or reproduced, whether or not sent or received, and all copies thereof that are different in any way from the original, whether handwritten, typed, drawn, sketched, printed or recorded by a physical, mechanical, or electronic device, or other means, including without limitation email, correspondence, memoranda, invoices, notes, books, records, papers, letters, messages, recordings, electronic and voice mail, pamphlets, brochures, articles, graphs, charts, plans, notebooks, spreadsheets, worksheets, lists, analyses, summaries, annual or periodic reports, minutes, telephone bills and records, expense reports, opinions, compilations, chronicles, minutes, agendas, contracts, agreements, reports, summaries, inter-office communications, notations of any sort of conversations, diaries, appointment books or calendars, planners, teletypes, telefax, thermafax, confirmations, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed) and all drafts, alterations, modifications, changes and amendments of any of the foregoing, and all graphic or manuals records, or representations of any kind, including, but not limited to, tapes, cassettes, disks, magnetic media and recordings.

6. The term "person" means in the plural and in the singular, any person, corporation, firm, association, partnership, joint venture, or other form of legal or official entity, as the case may be.

7. The term "communication(s)" means the oral or written transmittal of information sent by you or received by you from any person, as well as any documents reflecting or recording the content of any oral communications in any form (including, without limitation, inter- and intra-office memoranda and other communications).

8. The terms "related to" or "concerning" mean about, addressing, alluding to, analyzing, commenting upon, comprising, concerning, embodying, evaluating, evidencing, examining, explaining, regarding, in respect of, memorializing, mentioning, noting, pertaining to, recording, reflecting, relevant to, respecting, responding to, setting forth, showing, stating, studying, summarizing, supporting, or touching upon, either directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

9. The term "any" means "any" or "all." The term "all" has the same meaning. The terms "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information which might otherwise be construed outside their scope.

10. The singular of any term shall include the plural, and the plural of any term shall include the singular.

### DOCUMENTS REQUESTED

1. Your claims file relating to the EPS Related Litigation (excluding pleadings and discovery)

2. All documents relating to, concerning or reflecting all correspondence and/or communications to or from Federal Insurance Company or its counsel, Meckler, Bulger & Tilson, relating to EPS, the EPS Related Litigation, and/or the above-captioned arbitration.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery<br>JUN - 3 2008 |
| 1. Article Addressed to:<br><br>Custodian of Records<br>Philadelphia Insur. Co.<br>One Bala Plaza, Suite 100<br>Bala Cynwyd, PA<br>19004 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered      ☒ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label)  7007 0220 0003 5213 3979 | |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

° Sender: Please print your name, address, and ZIP+4 in this box °

Barone & Jenkins, P.C.
635 Butterfield Rd., Ste. 145
Oakbrook Terrace, IL 60181

Federal v. EPS



EXHIBIT
B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEDERAL INSURANCE COMPANY,            )
                                       )
              Petitioner,              )
                                       )
       v.                              )    No. 08 C 0431
                                       )
THE LAW OFFICES OF                     )
EDWARD T. JOYCE, P.C.,                 )
                                       )
              Respondent.              )

### OPINION AND ORDER

In this case, Federal Insurance Company ("Federal") seeks to enforce a discovery subpoena that an arbitration panel issued to the Law Offices of Edward T. Joyce, P.C. (the "Joyce Firm"). The Joyce Firm is not a party to the arbitration. The arbitration concerns Federal's duty to defend EPS Solutions Corp. and Enterprise Profit Solutions Corp. (jointly "EPS"). The Joyce Firm represented other parties in litigation in which EPS was involved. A defense raised by Federal in the arbitration is that coverage was precluded based on collusive-type conduct or the underlying action being an "insured versus insured" claim.



EXHIBIT C

Resolution of the pending petition does not necessitate detailing the underlying circumstances.[1]

This court has diversity jurisdiction over the Federal/EPS arbitration. Federal is an Indiana corporation with its principal place of business in New Jersey and the opposing parties are Illinois residents. The matter in controversy exceeds $75,000. The court has authority to enforce a subpoena pursuant to the Federal Arbitration Act, 9 U.S.C. § 7.

The Joyce Firm does not dispute that this court has jurisdiction over the subpoena matter. It also does not dispute that an arbitration subpoena for documents may be enforced as against a non-party to the arbitration. Instead, the Joyce Firm contends the subpoena should not be enforced because it seeks irrelevant materials and some privileged documents, is overbroad, and should have been pursued earlier in the arbitration discovery process. All of these contentions, however, should be raised with the arbitration panel. They are not issues that should be decided by a court in the first instance. See In re Security

---

[1] The Joyce Firm represented some of the plaintiffs who had claims against EPS and other defendants. The Joyce Firm contends that EPS joined with the plaintiffs in attempting to show the other defendants, but not EPS, were liable to plaintiffs. Those plaintiffs' claims against EPS were deferred while claims were pursued against the other defendants. After the other defendants were successful in defeating liability, some plaintiffs succeeded on claims against EPS. The arbitration relates to Federal's excess coverage regarding the successful claims against EPS.

- 2 -

Life Ins. Co. of America, 228 F.3d 865, 871 (8th Cir. 2000); American Fed'n of Television & Radio Artists, AFL-CIO v. WJBK-TV (New World Commc'n of Detroit, Inc.), 164 F.3d 1004, 1010 (6th Cir. 1999); Festus & Helen Stacy Found., Inc. v. Merrill Lynch, Pierce Fenner, & Smith Inc., 432 F. Supp. 2d 1375, 1379-80 (N.D. Ga. 2006); American Fed'n of Gov't Employees Local 922 v. Ashcroft, 354 F. Supp. 2d 909, 917 (E.D. Ark. 2003); Odfjell Asa v. Celanese AG, 348 F. Supp. 2d 283 (S.D.N.Y. 2004), further proceeding, 380 F. Supp. 2d 297 (S.D.N.Y. 2005), aff'd sub nom., Stolt-Nielsen SA v. Celanese AG, 430 F.3d 567 (2d Cir. 2005).

Since no objections to the subpoena have been raised with the arbitration panel, enforcement of the subpoena will be granted. Enforcement, however, will be subject to further rulings of the arbitration panel. The Joyce Firm will have 30 days to comply with the subpoena. In the meantime, if it so desires, it may move before the arbitration panel to quash the subpoena in whole or in part or it may move the arbitration panel for further time to comply with the subpoena.

No opinion is expressed regarding the merits of the subpoena nor whether any motion to quash that may be brought before the arbitration panel at this time would be untimely or considered to have been waived. Neither is any opinion expressed regarding whether the arbitration panel should extend any discovery deadlines that may be necessary in order to complete

compliance with the subpoena. Additionally, should further proceedings be brought before this court regarding enforcing the subpoena, the parties must address the issue of the appropriate standard of review to be applied to any arbitration panel rulings regarding the subpoena.

IT IS THEREFORE ORDERED that petitioner's motion to expedite production and enforce the subpoena [11] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of petitioner and against respondent enforcing the arbitration subpoena and requiring that respondent answer the subpoena within 30 days, subject to any further ruling of the arbitration panel.

ENTER:

_William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED: MARCH 13, 2008